## STATE v. WILLIE RICHARDSON.

### (Filed 19 December, 1947.)

**1. Gaming §§ 11, 12—**

Sentence and fine imposed upon conviction of violating G. S., 14-291.1, is *in personam;* an order of confiscation entered under G. S., 14-299, is *in rem* and is no part of the personal judgment against the accused.

**2. Same—**

A defendant may comply with the personal judgment entered against him upon conviction of violating G. S., 14-291.1, and at the same time prosecute an appeal from order of confiscation entered under G. S., 14-299, whether embraced in the same judgment or not, but the failure to appeal the personal judgment, while not estopping him from further contesting the order of confiscation, forever precludes him from contesting the fact of guilt.

**3. Courts § 4b—**

On appeal from a municipal court, the Superior Court may not dismiss the appeal and at the same time enter an order in the cause, since the dismissal of the appeal divests it of jurisdiction.

APPEAL by defendant from *Warlick, J.,* March 31 Term, 1947, FORSYTH. Error and remanded.

Criminal prosecution on warrant charging the unlawful possession of lottery tickets or coupons in violation of G. S. 14-291.1, heard on appeal from order confiscating a truck upon which the lottery tickets were being transported at the time of defendant's arrest.

Defendant was arrested while transporting lottery tickets or coupons on a Studebaker truck. The arresting officer seized the truck as well as the tickets. On 17 December 1946, defendant was put on trial for the violation of the provisions of G. S. 14-291.1 and was convicted. (While the certificate of the deputy clerk states that the trial was had on 20 December, the judgment of the judge himself fixes the date as the 17th.) The court imposed a fine and suspended sentence. The defendant paid the fine and costs. On 18 December he appeared in said court and moved for an order releasing the truck from the custody of the officer and for its return to him. On the same day the judge of the municipal court heard the motion, denied the same, and entered his order confiscating the truck and directing its sale as provided by G. S. 14-299. In so doing, he found as a fact "that this truck was ordinarily used in the operation of a woodyard business but on the day of arrest was caught transporting lottery tickets or coupons, in violation of G. S. 14-299." The defendant appealed. Thereupon, the court, being of the opinion "defendant is in his rights in appealing the order of confiscation to have

same passed upon as a matter of law by a higher Court," entered a further order directing the sheriff, upon the execution of a good and sufficient bond in the sum of $2,000, to deliver said truck to defendant, pending said appeal.

The bond was not filed immediately. Consequently the sheriff proceeded to advertise the truck for sale under the order of confiscation. Defendant filed the required bond, pending the sale, and possession of the truck was surrendered to him.

At the second March Civil Term, 1947, Clement, J., being of the opinion the appeal involves a question civil in nature, transferred the cause to the civil issue docket.

On 18 March 1947 the sheriff of Forsyth County, after notice to defendant, filed a motion that defendant's appeal be dismissed and the cause remanded to the municipal court for execution of the order of confiscation.

The appeal, together with the motion of the sheriff, came on for hearing before Warlick, J., at the March 31 Criminal Term, 1947. After hearing the same, the court found the facts and concluded as a matter of law "that inasmuch as Willie Richardson consented to that portion of the judgment of the Municipal Court of the City of Winston-Salem, imposing upon him a fine of $300 and costs by paying said fine and costs, and did acquiesce and consent to that portion of the judgment imposing upon him a six months suspended sentence for a period of three years by not appealing in apt time from all of the provisions of the judgment of the Municipal Court, is precluded as a matter of law from appealing a portion of said judgment, and that his Honor Leroy Sams, Judge of the Municipal Court of the City of Winston-Salem, was without legal authority to permit an appeal from that portion of the judgment ordering said Studebaker truck to be confiscated and sold . . . and the defendant, upon being adjudged guilty, did consent to said judgment of the Municipal Court and acquiesced in same by paying said fine and costs, and that said appeal now before this Court from the Order of Confiscation of said Studebaker truck is a fragmentary appeal, and is not in law tenable, and should be in all respects dismissed." If then, upon said conclusion, ordered that the appeal be dismissed and that the sheriff proceed to sell the truck as provided by law. The order is dated 3 April 1947. Defendant excepted and appealed.

*Nat S. Crews for the State.*

*Joe W. Johnson and Phin Horton, Jr., for defendant appellant.*

BARNHILL, J. The judgment of the court below is bottomed upon the finding that the imposition of a fine and suspended sentence and the

order of confiscation were incorporated in one judgment.   Upon this finding the court concluded that defendant, by paying the fine imposed, assented to the judgment as a whole and is thereby precluded from prosecuting his appeal to the Superior Court from the order of confiscation. The conclusion is a *non sequitur*.   The fine and suspended sentence is an *in personam* judgment pronounced under authority of G. S. 14-291.1 while the order of confiscation is an *in rem* decree entered under G. S. 14-299.

"The order of condemnation and sale of the vehicle seized is perforce no part of the personal judgment against the accused, albeit both are dependent upon his conviction. *S. v. Hall,* 224 N. C., 314, 30 S. E. (2d), 158; 30 Am. Jur. 551." *S. v. Maynor,* 226 N. C., 645.   A defendant may comply with the one and at the same time prosecute his appeal from the other.

But on this record two judgments were entered.   On 17 December 1946, defendant, upon his conviction, was fined $300 and placed under a suspended sentence.   He did not appeal therefrom but instead paid the fine imposed.   On the following day he filed motion in the cause to have the truck released from custody.   Upon the hearing of that motion the court denied the relief prayed, confiscated the truck, and ordered its sale as provided by G. S. 14-299.

The defendant, by the verdict of guilty and judgment pronounced thereon from which he did not appeal, is forever precluded from contesting the fact of guilt.   But he is not estopped thereby from further contesting the order of confiscation.   He has followed the procedure heretofore approved by this Court. *S. v. Reavis, ante,* 18; *S. v. Maynor, supra,* and cited cases.

Furthermore, the court below dismissed defendant's appeal and at the same time ordered the sale of the truck.   It could not do both for the dismissal of the appeal divested the court of further jurisdiction in the cause.

The order entered in the court below is held for error.   The appeal must be reinstated on the docket to be heard on its merits.   To that end this cause is remanded.

Error and remanded.