STATE v. ED AYRES.

(Filed 8 October, 1941.)

**Intoxicating Liquor § 8—Whether owner had knowledge that car was being used in transportation of intoxicating liquor held for jury upon the evidence.**

An instruction that if the jury should find by the greater weight of the evidence that petitioner, the owner of a car seized while being used in the unlawful transportation of intoxicating liquor, aided her husband in attempting flight to avoid arrest, to answer in the affirmative the issue of petitioner's knowledge that the car was being used for the transportation of liquor, is error when petitioner testifies that she did not know her husband was transporting liquor and that she thought the sheriff was pursuing them to serve a capias on her husband for a past offense, there being no evidence inconsistent with such belief on the part of petitioner, and the credibility of petitioner's testimony being for the jury.

APPEAL by petitioner, Dessie Ayres, from *Sink, J.,* at July Civil Term, 1941, of AVERY. New trial.

This was a proceeding to reclaim an automobile which had been seized by the sheriff while it was being used in the unlawful transportation of intoxicating liquor. Ch. 1, Public Laws 1923, section 3411 (f) ; Michie's Code. At the time of its seizure the automobile was being driven by Ed Ayres, who was arrested and charged with the offense. Thereafter Mrs. Dessie Ayres filed petition in accordance with the statute for the release of the automobile, claiming it as her own and alleging that its use in transporting liquor was without her knowledge and consent. The sheriff filed answer admitting that petitioner was the owner of the automobile, but asserting that she was present in the automobile at the time, and that transportation of the liquor was with her knowledge and consent. The issue thus raised was tried before a jury, who found for their verdict that the use of the automobile in the unlawful transportation of liquor was not without petitioner's knowledge and consent. From judgment on the verdict ordering sale of the automobile, petitioner appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*George L. Greene and Charles Hughes for petitioner, appellant.*

DEVIN, J. The prohibition statute, in force at the time and place where this controversy arose, empowers the sheriff, upon discovering a person in the act of transporting intoxicating liquor, to take possession of the vehicle used in the unlawful transportation and to arrest the

6—220

person in charge thereof, the vehicle to be released from custody upon a claimant therefor giving proper bond for its return.

The statute further provides: "The court, upon the conviction of the person so arrested, shall . . ., unless the claimant can show that the property seized is his property, and that the same was used in transporting liquor without his knowledge and consent, with the right on the part of the claimant to have a jury pass upon his claim, order a sale by public auction of the property seized."

Upon the trial of the issue raised by the petition of Mrs. Dessie Ayres for the restoration of her automobile, which had been seized by the sheriff while it was being used by her husband, Ed Ayres, in the unlawful transportation of intoxicating liquor, the following pertinent facts were made to appear: It was admitted that the automobile in question was the property of petitioner. Petitioner and her husband on the evening before the seizure of the automobile had spent the night with petitioner's sister in Alleghany County. Petitioner's husband had left the house at seven o'clock next morning with the automobile and returned about eight. She then got in with him and they proceeded on their return to petitioner's mother's in Mitchell County. While they were proceeding through Avery County the sheriff of that county passed the car of the petitioner on the highway, being driven by Ed Ayres, recognized him, turned his car and followed for the purpose of serving a capias on Ed Ayres on account of some previous case. Ed Ayres recognized the sheriff and attempted to escape. The chase extended some distance, but ended with the sheriff's overtaking the car and serving the capias on Ed Ayres. Several cases of whiskey were found in the trunk of the car which was locked. The car was seized.

The petitioner testified she did not know any whiskey was in the car, and that it was being transported without her knowledge and consent. She also testified that when she saw the sheriff pursuing the car, she told her husband to stop, and that she thought the reason her husband was running away was that the sheriff had a capias for him. The sheriff testified that when he overtook the automobile, the petitioner's husband, Ed Ayres, said in her presence that "he told her to watch me (the sheriff), he would watch the road. I understood she was scared at the way he was driving."

In his charge to the jury the court gave the following instruction: "The court charges you as a matter of law that if you shall find by the greater weight of the evidence that petitioner, while the sheriff was in pursuit of her husband at the wheel of her car, aided and abetted her husband by watching the sheriff and he watching the road in order that he might the better make his flight and get-away, then the court charges you to answer the issue" against the petitioner. This instruction was

repeated in language of similar import. To this instruction petitioner duly noted exception and assigns same as error.

An examination of the evidence as it appears in the record leads us to the conclusion that this instruction was erroneous and prejudicial. Evidence that petitioner watched the pursuing sheriff, or aided her husband in attempting flight to avoid arrest on a capias for a past offense, would not necessarily lead to the conclusion that she knew intoxicating liquor was concealed in the trunk of the automobile. On the contrary, she testified she did not know of the presence of the whiskey and she thought her husband was fleeing to avoid service of the capias. The testimony of the sheriff, upon which the instruction excepted to was based, was not inconsistent with the truth of this statement. The credibility of the witness was a matter for the jury.

While it does not affirmatively appear that Ed Ayres has been convicted of unlawful transportation of the whiskey found in petitioner's car, it seems the issue raised by the petition and answer was tried by consent at the civil term.

For the error pointed out there must be a new trial of the issue raised by petitioner's claim that her automobile was being used in unlawful transportation of intoxicating liquor "without her knowledge and consent."

New trial.