### STATE v. JOHN MILFORD MAYNOR
#### and
### JOHN MILFORD MAYNOR v. C. C. TART, SHERIFF.

(Filed 30 October, 1946.)

**1. Intoxicating Liquor § 8—**

Where a defendant has been convicted of illegal transportation of nontax-paid liquor, the court may at a subsequent term enter an order *nunc pro tunc* for the forfeiture and sale of the vehicle used for such transportation. G. S., 18-48 and 18-6.

**2. Same—**

An order of condemnation and sale of a vehicle used in illegal transportation of intoxicating liquor is no part of the personal judgment against the accused although dependent upon his conviction, and by statutory provision claimants are entitled to a hearing to determine their rights.

APPEAL by defendant in criminal prosecution, and plaintiff in civil action, from *Carr, J.*, at August Term, 1946, of SAMPSON.

Criminal prosecution upon warrant charging John Milford Maynor with having in his possession nontax-paid whiskey for purpose of sale and transporting it contrary to law, and claim and delivery proceeding by accused to recover automobile from sheriff, consolidated by consent and heard together as both actions are related to the same subject matter.

### I. THE CRIMINAL CASE:

A. On 1 February, 1946, John Milford Maynor was arrested in the Town of Clinton and charged with having in his possession and transporting in an automobile, in violation of law, nontax-paid intoxicating liquor. At the same time the sheriff of Sampson County took into his possession the automobile, belonging to the defendant, and in which the said intoxicating liquor was being transported.

B. Upon trial in the Recorder's Court, the defendant was found guilty and sentenced to six months on the roads. The automobile seized by the sheriff was ordered confiscated and sold according to law.

C. On appeal to the Superior Court, the defendant was again convicted at the May Term, 1946, and sentenced to six months on the roads. "Road sentence suspended and defendant placed on probation for a period of three years on condition the defendant pay the costs."

D. The defendant was released upon payment of the costs.

## II. THE CIVIL ACTION:

A. The defendant's automobile remained in the possession of the sheriff from the time it was seized until after the May Term of court, when John Milford Maynor instituted claim and delivery proceeding to obtain its possession.

B. The sheriff did not replevy, but demurred to the complaint and moved for judgment on the pleadings. At the same time, notice was served on the plaintiff that motion would be lodged in the companion criminal case for judgment of forfeiture and sale of the automobile.

C. At the August, 1946, mixed term, Sampson Superior Court, judgment of forfeiture and sale was entered *nunc pro tunc* in the companion case of *State v. John Milford Maynor,* and the demurrer and motion for judgment on the pleadings allowed in the claim and delivery proceeding, as there were no intervening rights of third persons.

From this judgment, John Milford Maynor appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State, appellee.*

*Mack M. Jernigan and Paul D. Herring for defendant-plaintiff, appellant.*

*Jeff D. Johnson, Jr., for defendant, C. C. Tart, Sheriff of Sampson County.*

STACY, C. J. As no judgment of forfeiture or confiscation was entered at the trial term in the criminal prosecution, as required by the statutes on the subject, G. S., 18-48 and 18-6, it was proper to enter appropriate judgment therein *nunc pro tunc* at a later term. *Ferrell v. Hales,* 119 N. C., 199, 25 S. E., 821; McIntosh on Procedure, page 692, *et seq.* Moreover, a court has "the right to amend the records of any preceding term by inserting what has been omitted, either by the act of the Clerk or of the Court; and a record so amended stands as if it had never been defective, or as if the entry had been made at the proper time." *S. v. Warren,* 95 N. C., 674. See *Strickland v. Strickland,* 95 N. C., 471; *Walton v. Pearson,* 85 N. C., 35; McIntosh on Procedure, page 732, *et seq.* The order of condemnation and sale of the vehicle seized is perforce no part of the personal judgment against the accused, albeit both are dependent upon his conviction. *S. v. Hall,* 224 N. C., 314, 30 S. E. (2d), 158; 30 Am. Jur., 551.

Indeed, since the statute provides for a separate hearing to determine the rights of claimants to "any wagon, buggy, automobile, water or air craft, or other vehicle," used in transporting intoxicating liquor in

violation of law, it would seem that judgment of forfeiture or confiscation might well have been entered in the claim and delivery proceeding, treating it as a petition in the criminal case, *S. v. Ayres,* 220 N. C., 161, 16 S. E. (2d), 689, but as to this we make no present ruling, as it is unnecessary to do so. *In re State v. Gordon,* 225 N. C., 241, 34 S. E. (2d), 414; *S. c.,* 224 N. C., 304, 30 S. E. (2d), 43; *Motor Co. v. Jackson,* 184 N. C., 328, 114 S. E., 478; 30 Am. Jur., 551.

In the absence of a more substantial showing on the part of the appellant, the judgment will be upheld.

Affirmed.