STATE OF NORTH CAROLINA v. ARNOLD RAY KELLY AND
CARSON LEE McKINNEY

No. 7329SC483

(Filed 25 July 1973)

**1. Criminal Law § 95— evidence competent as to one defendant only — failure to give limiting instruction — error**

Where there was sufficient evidence to show that one defendant was in hearing distance of his brother and the witness at the time the conversation in question took place, but there was no evidence whatsoever of a second defendant's presence at the scene, it was error for the trial court to admit the witness's account of the conversation without a limiting instruction.

**2. Criminal Law § 95— evidence admissible against one defendant only — general objection sufficient**

Where evidence is admissible against one party and not for any purpose against another, a general objection by the latter is sufficient; therefore, the trial court should have given a limiting instruction, though defense counsel failed specifically to request one, where counsel did interpose a timely objection and did move to strike the testimony.

**3. Criminal Law §§ 95, 169— failure to give limiting instruction — error cured by subsequent instruction**

Though the trial court failed to give a limiting instruction following defense counsel's objection, that error was cured where the court, before formally charging the jury, did instruct that the evidence in question could be considered in deliberation only as against one defendant and not as against the other.

APPEAL by defendants from *Thornburg, Judge,* January 1973 Session of McDOWELL County, Superior Court.

Defendants were charged in separate bills of indictment with felonious breaking and entering and felonious larceny. Upon motion of the State, the cases were consolidated for trial at which time the State presented evidence which tended to show the following:

On Sunday afternoon, 9 April 1972, Harold Dysart returned to his home located at Route 4, Marion, N. C., from a trip to Myrtle Beach, S. C. He found that his house had been entered through a bedroom window and that the inside of the house had been ransacked. Dysart took inventory and found that a TV, two tape players, a couple of walkie talkie radios, a Kodak camera, his coin collection, and several other items were missing.

State v. Kelly

Bobby Fowler, defendant Kelly's first cousin, testified that at approximately 7:00 or 8:00 a.m. on 9 April 1972, the defendants came to his house and defendant Kelly asked him in the presence of defendant McKinney if he would keep a few items for him for two or three days until he found a place to put them. Fowler agreed, and the defendants brought in a TV, a Kodak camera, two tape players, and two walkie talkie radios from a Chevrolet dump truck. The defendants left in separate vehicles, with Kelly driving the dump truck and McKinney in another vehicle.

Earlier on the morning of 9 April 1972, defendant McKinney was seen in a parked automobile parked approximately 1,000 feet west of Dysart's house.

On Thursday of the following week, Dysart was taken by officers of the sheriff's department to Bobby Fowler's home where he identified the items brought there by defendants as the items taken from his house. On recall by the State, Dysart testified that on the day before he left for Myrtle Beach, defendant Kelly and Kelly's brother Alton came by his house in order to purchase a part for Alton's Chevrolet dump truck. Dysart testified over defense counsel's objection that while defendant Kelly was in their immediate presence, the following conversation took place between himself and Alton.

Alton: "Looks like you are busy getting ready to go somewhere."

Dysart: "Yes, I'm getting ready to go to Myrtle Beach, if you had come tomorrow, I wouldn't have been here."

The State then rested its case, and both defendants took the stand and testified that they had never broken into Dysart's house nor taken any goods therefrom. Defendant Kelly did testify that he had been by Dysart's house with his brother, but that he did not hear any conversation about Dysart going to Myrtle Beach.

The case was then submitted to the jury which returned a verdict as to each defendant. From judgments imposing active sentences, both defendants appealed.

Attorney General Morgan, by Assistant Attorney General Giles, for the State.

I. C. Crawford, for defendant appellants.

MORRIS, Judge.

The sole question presented on appeal is whether the trial court erred in allowing State's witness Dysart to testify as to the conversation between himself and defendant Kelly's brother in which Dysart expressed his intention to go to Myrtle Beach.

[1]  As to defendant Kelly, there was sufficient evidence to show that he was in hearing distance of his brother and Dysart at the time the statement was made, and the evidence was clearly admissible against him. As to defendant McKinney, there **was no evidence whatsoever** of his presence at the scene and it was error for the evidence to be admitted without a limiting **instruction.**

> "In such cases, as a general rule, the incompetency of the evidence for one purpose will not affect its admissibility for other and proper purposes. The evidence will be admitted, and the party against whom it is offered will be entitled, *on request,* to have the jury instructed to consider it only for the purposes for which it is competent." 1 Stansbury's North Carolina Evidence, Brandis Revision, § 79, pp. 240-241. (Emphasis added.)

[2]  Defense counsel interposed a timely objection and moved to strike the testimony but failed to request a limiting instruction. Yet it was held in *State v. Franklin,* 248 N.C. 695, 104 S.E. 2d 837 (1958), that where evidence is admissible against one party and *not for any purpose against another,* a general objection by the latter is sufficient.

[3]  No limiting instruction was given by the trial court following defense counsel's objection. However, before formally charging the jury the trial judge did instruct as follows:

> "Members of the Jury, during the course of the evidence, the Court permitted Mr. Dysart to testify as to conversations had between him and one Alton Kelly at his home, at which time Arnold Kelly was present. The Court instructs you, Members of the Jury, if you find that such conversations occurred and you find it to be true beyond a reasonable doubt that you may consider it in your deliberations only as against the defendant, Arnold Kelly and you may not at any point in your deliberation and may not consider any conversation in the presence of Arnold Kelly as against the defendant, Carson Lee McKinney, there

being absolutely no evidence he at any time was present at any time any such conversation occurred, if you find, in fact, it did occur."

This instruction was sufficient to cure the error. His prior ruling was "subsequently and specifically reversed and the jurors instructed to disabuse their minds of any and all prejudicial impressions lodged by the incompetent evidence." *State v. Franklin, supra,* p. 699. In our opinion defendants received a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and PARKER concur.