STATE OF NORTH CAROLINA v. JOHN EARLEY

No. 7429SC785

(Filed 2 January 1975)

1. Criminal Law § 13— receiving stolen property — no conviction — controversy over ownership of property — independent civil action required

When a person from whose possession allegedly stolen property was seized as evidence was not convicted of (or was not charged with)

State v. Earley

obtaining the property in violation of the law, and there is a controversy between him and the person from whom the property was allegedly stolen as to who has the right to it, a question is presented which cannot be determined in a criminal action but must be determined in an independent civil action.

2. **Appeal and Error § 1— no jurisdiction in trial court — jurisdiction of appellate court derivative**

If the trial court has no jurisdiction, the appellate courts cannot acquire jurisdiction by appeal; therefore, the court on appeal does not reach a review of the merits of the trial court's disposition of property which was allegedly stolen and which defendant was charged with receiving, since the trial court did not have jurisdiction to determine the question of ownership of the property in a criminal case.

3. **Courts § 2— jurisdiction over subject matter**

Jurisdiction over subject matter cannot be conferred upon a court by consent, waiver or estoppel.

APPEAL by defendant-petitioner from Martin (Harry C.), Judge, 13 May 1974 Session of Superior Court held in RUTHERFORD County. Argued in the Court of Appeals 22 October 1974.

The defendant was charged in a bill of indictment with the felony of receiving stolen goods of a value of more than $200.00, knowing that the goods had been previously stolen. Forty-one rolls of cloth were seized from defendant, and they were introduced in evidence at his trial. At the close of the State's evidence, defendant's motion for nonsuit was allowed.

Thereafter defendant petitioned the trial judge for the return to defendant of the forty-one rolls of cloth seized from him. Piedmont-Interstate Warehouse System, from whom the cloth was alleged to have been stolen, also petitioned the trial judge for a declaration that it was entitled to possession of the forty-one rolls of cloth.

The trial judge heard evidence from both petitioners and made findings of fact from the evidence offered in this post-trial proceeding and from evidence offered in the criminal action which he had nonsuited. He thereafter decreed that Piedmont-Interstate Warehouse System was the owner and entitled to possession of the forty-one rolls of cloth.

Defendant-petitioner appealed.

*Hamrick & Hamrick, by J. Nat Hamrick, for defendant-petitioner.*

*Owens & Arledge, by Hollis M. Owens, Jr., for Piedmont-Interstate Warehouse System.*

State v. Earley

BROCK, Chief Judge.

At the outset we are confronted with the question of Judge Martin's jurisdiction in a criminal case to adjudicate conflicting claims of title to allegedly stolen property which has been used in evidence and in which case the prosecution has been completed. We have no statute upon the subject, and we find no case law in this State which covers the subject.

Our research leads us to believe that sound reasoning dictates that under the facts presented, Judge Martin did not have such jurisdiction in a criminal case.

[1] When the person from whose possession the allegedly stolen property was seized as evidence was not convicted of (or was not charged with) obtaining the property in violation of the law, and there is a controversy between him and the person from whom the property was allegedly stolen as to who has the right to it, a question is presented which cannot be determined in a criminal action but must be determined in an independent civil action. After the final disposition of the criminal case, a civil action among the various claimants to the property is the proper action in which title or right to possession can be adjudicated. *See Lawrence v. Mullins*, 224 Tenn. 9, 449 S.W. 2d 224; *Homolko v. State*, 155 Tenn. 467, 295 S.W. 66; 68 Am. Jur. 2d, Searches & Seizures, § 119; 79 C.J.S., Searches & Seizures, § 114.

[2] We do not reach a review of the merits of the disposition of the property by Judge Martin because the jurisdiction of the appellate courts on an appeal is derivative. If the trial court has no jurisdiction, the appellate courts cannot acquire jurisdiction by appeal. 1 Strong, N. C. Index 2d, Appeal and Error, § 1.

[3] Appellee urges that appellant petitioned the trial court in this criminal case for possession of the forty-one rolls of cloth and thereby voluntarily submitted the matter to its jurisdiction. It is a well-established principle that jurisdiction over the subject matter cannot be conferred upon a court by consent, waiver, or estoppel. 2 Strong, N. C. Index 2d, Courts, § 2.

For lack of jurisdiction in the trial court, its order entered in this criminal action on 24 May 1974 adjudicating title and right to possession of the forty-one rolls of cloth must be vacated and the proceeding dismissed.

Order vacated.

Proceeding dismissed.

Judges PARKER and MARTIN concur.