STATE OF NORTH CAROLINA v. CAROLYN S. McINTYRE

No. 7729SC233

(Filed 6 July 1977)

1. Clerks of Court § 1— disbursement of restitution funds — no jurisdiction of clerk of court

The clerk of the superior court was without jurisdiction to enter an order directing disbursement of restitution funds which the defendant in this criminal proceeding had paid into court as the result of a plea bargain.

2. Criminal Law § 23— plea bargain — restitution to victims as valid condition

Payment of restitution by a criminal defendant to the victims of his crime may be a valid condition for acceptance of a plea bargain.

3. Criminal Law § 23— plea bargain — restitution ordered — aggrieved party must be named

Where restitution is ordered as a condition for acceptance of a plea bargain, the restitution must be to a specific aggrieved party, and this party must be named in the judgment.

4. Criminal Law § 13— restitution funds — controversy over ownership — independent civil action required

Where restitution was ordered as a condition for acceptance of a plea bargain, and the judgment ordered payment of restitution into the court but failed to specify to whom or in what amounts the funds should ultimately be disbursed, a civil action among the various claimants to the funds was the proper method by which distribution of the restitution funds should be adjudicated.

ON *writ of certiorari* to review proceedings before *Griffin, Judge*. Order entered 21 October 1976 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 30 June 1977.

This case involves the disposition of $60,000.00 paid into court by defendant as partial restitution of funds embezzled by

her. In March 1976 defendant, Carolyn McIntyre, was charged in separate bills of indictment with nine counts of embezzlement and with one count of obtaining money by false pretenses. All charges arose out of her employment as legal secretary of John R. Hudson, Jr., an attorney. In total, defendant was charged with having embezzled and having converted to her own use in excess of $100,000.00 from her employer's trust account or from various estate accounts controlled by him. It was alleged in the indictments that some of the funds embezzled belonged to estates and trusts for which Mr. Hudson acted as executor, administrator, trustee, or attorney, and some funds belonged to Mr. Hudson.

As result of plea bargaining between defendant's attorney and the district attorney, the defendant pled guilty on 6 July 1976 to one count of embezzlement, being the count in Case 76-CR-534, in which she was charged with embezzling checks and monies totalling $950.00 belonging to the Estate of Rufus Ray Burgin which had been entrusted to her by her employer. Conditions of the plea bargain, as set forth in the transcript of plea signed by defendant on 6 July 1976, included that she be given a sentence of 3-5 years, that $40,000.00 be paid into court to be added to $20,000.00 previously paid, "with said total sum to be disbursed with the court's approval (with the recommendation that the court get the District Atty's . . . (sic) among those estates where monies were missing arising out of the defendant's employment with attorney John R. Hudson," and that all other charges arising out of her employment with attorney John R. Hudson be dismissed.

On defendant's plea of guilty in Case No. 76-CR-534, Superior Court Judge Kenneth A. Griffin, the judge presiding at the July Session of Superior Court in Transylvania County entered judgment on 6 July 1976 sentencing defendant to prison for a term of not less than three nor more than five years. The judgment directed defendant to pay into the office of the Clerk of Superior Court the sum of $40,000.00 "as restitution," this sum to be added to the $20,000.00 already paid into the Clerk's office. The judgment further directed that "the said Clerk of Transylvania County shall disperse (sic) the funds subject to the Superior Court's approval with the recommendation that the presiding judge seek the District Attorney's advice as to the method and the recipients of dispersement(s) (sic)." In compliance with the plea and the judgment, the additional

$40,000.00 was paid into the court and the remaining nine cases against defendant were dismissed.

On 20 and 21 October 1976, Judge Griffin held a "hearing" in the Superior Court in Transylvania County. The judge announced that this hearing was called "in the discretion of the Court for the purpose of determination of the disbursement of $60,000.00 plus accumulated interest arising out of a plea bargain with reference to the defendant, Carolyn S. McIntyre," and that the hearing was called "as a matter of courtesy to those who may have an interest in these funds." No sworn witnesses testified at this hearing, but various persons and their attorneys were permitted to make statements as to how the funds should be disbursed. At the conclusion of the hearing, the following order was entered:

### "ORDER FOR DISBURSEMENT

In accordance with the judgment of the Honorable Kenneth A. Griffin, Presiding Judge, dated July 6, 1976, and upon his direct recommendation, the Clerk of Superior Court for Transylvania County, North Carolina, proposes and shall upon the approval of the Superior Court, at the expiration of the ten days noted for appeal, is to disburse the funds now on deposit and paid as part restitution by Carolyn S. McIntyre, defendant, to the following persons and in the sum set next to their names in their individual or fiduciary capacities as therein may appear in the Clerk's office of Transylvania County:

| Payable to: | In the sum of: |
|---|---|
| Furman Reece | $ 8,324.92 |
| U. G. Reeves | 27,945.36 |
| Ruby A. Smith | 12,438.98 |
| Robert F. Tharp | 1,264.47 |
| Robert F. Tharp, Jr. | 3,158.15 |
| Synthia A. Benjamin | 3,357.80 |
| Mary Elizabeth A. Bridges | 1,367.32 |
| Jones & Gravely | 417.46 |
| Bruce Patterson | 48.40 |
| Dent Harden | 66.55 |
| Rufus Ray Burgin | 701.81 |
| Mable Sharp | 1,409.67 |
| | $ 60,500.89 |

The above scheduled list of disbursement, has after investigation of myself, the District Attorney, to wit: M. Leonard Lowe, and the Honorable Kenneth A. Griffin, has been determined to be a fair equitable disbursement of the sums paid by the said defendant into the Clerk of Superior Court's office in Transylvania County by reasons of the criminal activities of Carolyn S. McIntyre.

This 21st day of October, 1976.

s/ MARIAN M. McMAHON
Clerk of Superior Court

The undersigned, after careful examination of the above and prior examination of the facts of these matters and prior to tender hereof, hereby gives its approval and consent to the above mentioned disbursement in the sums set out by the payees named at the said stated time.

This the 21st day of October, 1976.

s/ KENNETH A. GRIFFIN
Judge Presiding"

Some of the persons named as distributees in the foregoing order had not been named as owners of funds embezzled in any indictment returned against the defendant, Carolyn S. McIntyre, while other persons who had been so named, including her employer, John R. Hudson, Jr., were omitted from the list of distributees. To entry of the foregoing "Order for Disbursement," attorney John R. Hudson, Jr., excepted. To obtain review of the order, Hudson filed a petition for writ of certiorari with the Court of Appeals. This court granted the writ.

*Attorney General Edmisten by Associate Attorney Patricia B. Hodulik for the State.*

*Bennett, Kelly & Cagle, P.A., by E. Glenn Kelly for petitioner, John R. Hudson, Jr.*

PARKER, Judge.

[1]  The initial question presented is whether the Clerk of Superior Court had jurisdiction to enter the order directing disbursement of the restitution funds which the defendant in this criminal proceeding had paid into court as result of a plea bargain. We hold that the Clerk did not have such jurisdiction.

Art. IV. § 12(3), of the Constitution of North Carolina contains the following:

> "The Clerks of the Superior Court shall have such jurisdiction and powers as the General Assembly shall prescribe by general law uniformly applicable in every county of the State."

G.S. 1-209 lists certain judgments which the Clerks of Superior Court are authorized to enter, but an order of the type here in question is not among those listed. Other statutes confer judicial power upon the Clerk as ex officio judge of probate and in respect of special proceedings and the administration of guardianships in trusts. We have found no statute which confers upon the Clerks of Superior Court any jurisdiction or power to order the manner in which restitution funds paid into court by a defendant in a criminal proceeding shall be disbursed. Absent such a statute, the Clerk of Superior Court had no jurisdiction to enter such an order in this case.

In fairness to the Clerk of Superior Court of Transylvania County, it should be noted that the record before us reveals that the "Order for Disbursement" dated 21 October 1976 which she signed in this case was dictated by Judge Griffin to the court reporter and was signed by the Clerk at Judge Griffin's request. In addition, Judge Griffin gave the Clerk's order his written "approval and consent." Judge Griffin, however, had no power to grant to the Clerk any jurisdiction or power which the General Assembly had not granted.

[2, 3] If the "Order for Disbursement" which was entered in this case be considered, under the peculiar circumstances of this case, as having actually been entered by the judge rather than by the Clerk, we still find no jurisdiction in the court for the entry of such an order in this criminal proceeding. It is true that, subject to the constitutional prohibition contained in Art. I, § 28, of our State Constitution against imprisonment for debt, except in cases of fraud, payment of restitution by a criminal defendant to the victims of his crime may be a valid condition for suspension of sentence. See State v. Caudle, 276 N.C. 550, 173 S.E. 2d 778 (1970); State v. Green, 29 N.C. App. 574, 225 S.E. 2d 170 (1976). We hold that such a condition may also be a valid condition for acceptance of a plea bargain. Our Supreme Court has noted, however, in connection with payment of restitution as a condition for suspension of sentence, that

"[w]here restitution is ordered it must be to a specific aggrieved party and this party must be named in the judgment." *Shore v. Edmisten, Atty. General,* 290 N.C. 628, 638, 227 S.E. 2d 553, 561 (1976). This command would seem equally appropriate when restitution is ordered as result of a plea bargain. Failure to heed it when the judgment imposing sentence was entered in this case has resulted in the anomaly displayed in the present proceedings.

[4] In the present criminal case, final judgment sentencing the defendant was entered. That judgment ordered payment of restitution into the court but failed to specify to whom or in what amounts the funds should ultimately be disbursed. It is apparent that the funds are insufficient to make whole all of the victims of the defendant's criminal activities and that some equitable pro rations among the victims will be required. It is also apparent that there is some dispute among the several claimants as to the validity of some of the claims. Moreover, the amounts which the several claimants lost as result of defendant's criminal activities have never yet been judicially determined by a court having jurisdiction in proceedings in which all claimants were accorded due process notice and opportunity to be heard. The ultimate responsibility of John R. Hudson, Jr., to other claimants for any loss of funds entrusted to his care has not been determined. Under these circumstances, a civil action among the various claimants is the proper method by which distribution of the restitution fund can be adjudicated. *See State v. Earley,* 24 N.C. App. 387, 210 S.E. 2d 541 (1975).

For lack of jurisdiction, the order entered in the criminal action on 21 October 1976 which directed distribution of the restitution funds must be vacated and the present proceeding dismissed.

Order vacated.

Proceeding dismissed.

Judges MARTIN and ARNOLD concur.