STATE OF NORTH CAROLINA v. ALFONZO McKINNEY

No. 7718SC966

(Filed 6 June 1978)

**1. Narcotics § 6— forfeitures—new trial—redetermination of forfeiture**

The judgment entered after defendant's first trial and conviction for possession of heroin, including the disposition of $6,950 found in close proximity to the heroin, was vacated in its entirety when the appellate court ordered a new trial, and the trial court was required, upon defendant's motion in open court after his second trial and conviction that proper disposition be made of the currency, to hear evidence and rule on the motion.

**2. Narcotics § 6— forfeiture—money found in close proximity to narcotics**

Currency was not subject to forfeiture under G.S. 90-112 solely by virture of being found in "close proximity" to the controlled substance which the defendant was convicted of possessing.

**3. Narcotics § 6— possession of narcotics—ownership of narcotics and money**

The jury's determination of defendant's guilt of possession of heroin was not the equivalent of a judicial determination that he was the owner of that heroin or, by implication, of currency found in close proximity to the heroin.

APPEAL by defendant from *Albright, Judge.* Judgment entered 16 September 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 30 March 1978.

The defendant was charged by indictment for felonious possession of the controlled substance heroin. He was originally tried before Judge James M. Long and a jury in Guilford County. Judgment was entered on 1 July 1976 sentencing the defendant and providing for the disposition of various property introduced at trial. That judgment directed that the controlled substance introduced be destroyed and the "money found in close proximity, $6,950.00 be confiscated and forfeited to the Guilford County School Fund." This judgment was appealed, and we ordered a new trial in the case. *State v. McKinney*, 32 N.C. App. 786, 236 S.E. 2d 734 (1977).

A new trial was held before Judge W. Douglas Albright and a jury. The jury returned a verdict of guilty as charged on 12 September 1977. The trial court entered a judgment sentencing the defendant, and the defendant gave notice of appeal. The defendant, acting through counsel in open court, withdrew this notice of appeal on 14 September 1977.

After withdrawing his appeal, the defendant moved in open court that the court order the return to him of $1,100 in United States currency seized pursuant to a search of 3934-A Hahns Lane in Greensboro, North Carolina, and $6,950 seized pursuant to a search of 806-A Granite Street in Greensboro. Both sums had been previously introduced into evidence during the defendant's trial.

After hearing evidence, the trial court entered a further "Judgment or Other Disposition" in the case ordering the $1,100 seized at 3934-A Hahns Lane be turned over to the defendant.

The trial court entered another further "Judgment or Other Disposition" on 16 September 1977 holding that "as the Honorable James M. Long has heretofore entered an Order as to the disposition of the $6,950.00 which is the subject of this motion, said Order being entered by Judge James M. Long on July 1, 1976, the Court declines to rule on the matter." From this Judgment, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith, for defendant appellant.*

MITCHELL, Judge.

[1]   This appeal raises the single issue of the proper disposition of $6,950 seized pursuant to a search of a residence at 806-A Granite Street, Greensboro, North Carolina, and introduced in evidence at trial. The defendant contends that the judgment entered after his first trial was vacated in its entirety by our action in ordering a new trial. The defendant further contends that the trial court is now required to rule upon his motion concerning the disposition of this United States currency. These contentions have merit.

The judgment entered after the first trial of the defendant is composed of two parts. One is entitled "Judgment and Commitment." The other is entitled "Judgment and Other Disposition." Both were parts of the same judgment and were vacated by our action in ordering a new trial. Therefore, the trial court was not precluded from conducting a hearing to determine the proper disposition of the currency. *Simpson v. Plyler*, 258 N.C. 390, 398, 128 S.E. 2d 843, 849 (1963).

[2]   Additionally, the original judgment of 1 July 1976, which ordered the $6,950 in United States currency confiscated and forfeited to the school fund, apparently was based solely upon the finding that the currency was found in "close proximity" to the controlled substance. The provisions of G.S. 90-112(a) set forth all of the items subject to forfeiture in cases arising under the North Carolina Controlled Substances Act, G.S. 90-86 through 90-113.8. We need not decide here whether currency may ever be properly

subject to forfeiture under the terms of G.S. 90-112. We do find, however, that the currency in question was not subject to forfeiture under G.S. 90-112 solely by virtue of being found in "close proximity" to the controlled substance which the defendant was convicted of possessing.

The trial court was required, upon the defendant's motion in open court after the new trial, to hear the motion and consider evidence tendered with regard to the proper disposition of the currency and to rule upon that motion. The original order having been vacated by us, a ruling by the trial court on the motion would not violate the general rule precluding one judge of the Superior Court Division from reviewing the decisions of another. *Simpson v. Plyler*, 258 N.C. 390, 398, 128 S.E. 2d 843, 849 (1963); *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377, *reh. den.* 232 N.C. 744, 59 S.E. 2d 429 (1950); 3 Strong, N.C. Index 3d, Courts, § 9.5, p. 592.

[3] We must remand this case in order that the trial court may consider the defendant's motion and hear such evidence concerning the motion as may be offered by the defendant and other parties. We note that the jury's determination of the defendant's guilt of possession of heroin is not the equivalent of a judicial determination that he was the owner of that heroin or, by implication, of currency found in close proximity to the heroin. Possession is not the equivalent of title. On remand the trial court will be required to enter an order providing for the disposition of the currency as provided by law.

For reasons previously stated, this case must be remanded for further proceedings consistent with law and this opinion, and is hereby so

Remanded.

Chief Judge BROCK and Judge HEDRICK concur.