STATE OF NORTH CAROLINA v. ROGER ERVIN AND EMMETTE RONNIE PRICE, DEFENDANTS AND EMMETTE ROMAINE PRICE, PETITIONER-INTERVENOR

No. 7826SC439

(Filed 17 October 1978)

1. **Searches and Seizures § 15 — search of automobile — no standing by passenger to contest**

    An automobile passenger had no standing to contest the search of an automobile driven by its owner.

2. **Searches and Seizures §§ 33, 36 — seizures of narcotics — incident to arrest — plain view**

    Marijuana taken from an automobile passenger's sock was seized in a proper search incident to a lawful arrest, and a packet of cocaine seized after the passenger had thrown it to the ground was lawfully seized as incident to a lawful arrest or as being in plain view without the necessity of a search.

3. **Criminal Law § 92 — joint trial of two defendants — charges not identical — evidence admissible against only one defendant**

    Charges against an automobile driver and a passenger for possession of cocaine with intent to sell and carrying a concealed weapon, a charge against the driver for possession of marijuana, and a charge against the passenger for possession of tuinal were properly consolidated for trial where all of the charges arose from one short incident. Furthermore, joinder of the charges for trial did not deprive the passenger of a fair trial because a large sum of money found in the trunk of the car was admissible only against the driver where the court limited the jury's consideration of such evidence to the driver. G.S. 15A-926(b)(2)b.3; G.S. 15A-927(c)(2).

4. **Criminal Law § 95.2 — evidence competent against one defendant — overruling of general objection — subsequent limiting instruction**

    Where the court overruled defendant's general objection to evidence competent only against a codefendant and not competent against defendant for any purpose, and the court subsequently instructed the jury that such evidence could be considered only as against the codefendant, but the court's limiting instruction was not included in the record on appeal, it will be assumed that the limiting instruction specifically reversed the earlier overruling of the general objection to the evidence.

5. **Criminal Law § 128.2 — jaywalking arrest of defendant by State's witnesses during trial — motion for mistrial**

    Defendant was not entitled to a mistrial because of his arrest for jaywalking in front of the courthouse at the end of the first day of the trial by two officers who were prosecution witnesses where, in response to questioning by the trial judge, only one juror answered that he had seen the incident and he stated that he did not recognize the man involved.

**6. Criminal Law § 150.1— withdrawal of appeal—subsequent written notice of appeal—no waiver**

Where defendant gave notice of appeal in open court on the date judgment was entered, withdrew the notice later that same day, and four days later gave written notice of appeal, the trial court erred in ruling that defendant then had no right to appeal. However such error was harmless where the appellate court heard defendant's appeal on the merits. G.S. 15A-1448(a)(1) and (a)(5).

**7. Narcotics § 6— disposition of seized money—intervention in criminal case**

The trial court did not err in permitting petitioner to intervene in defendant's trial for unlawful possession of cocaine with intent to sell for the purpose of contesting the disposition of money found in the trunk of the car defendant was driving, rather than requiring petitioner to institute a separate civil action, where the major question was whether the money was being used for criminal purposes, and that question would be answered by the same evidence which would show defendant's guilt or innocence of the crime charged.

**8. Narcotics § 6— forfeiture of seized money**

In a prosecution for unlawful possession of cocaine with intent to sell, the trial court did not err in ordering the forfeiture of money found in a briefcase in the trunk of the car defendant was driving where papers belonging to defendant were found in the briefcase along with the money, notwithstanding petitioner-intervenor testified the money belonged to him.

APPEAL by defendants from *H. Martin, J.*, and by petitioner from *H. Martin, J.*, and *Griffin, J.* Judgments entered 16 December 1977 and 12 January 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 September 1978.

Defendants were charged with unlawful possession of cocaine with intent to sell and deliver, and with carrying a concealed weapon. In addition, defendant Ervin was charged with possession of marijuana and defendant Price was charged with possession of tuinal. Prior to trial the court overruled defendant Ervin's objection to the consolidation of the defendants' cases for trial and, after a lengthy *voir dire* hearing, denied both defendants' motions to suppress evidence taken from their persons and their vehicle, supporting its conclusion with detailed findings of fact. Defendant Ervin sought a continuance on the ground that one of his counsel, who had done a portion of the work on his case, was unavailable because he was undergoing surgery. The motion to continue the case until that attorney's return was denied.

After court recessed on the first day of trial, defendant Price was arrested by Officers Rock and Hancock, prosecution

witnesses, for jaywalking in front of the courthouse. On the morning of the second day, defendant Price moved for a mistrial and defendant Ervin renewed his motion for severance of the defendants' cases because of this incident. The court conducted an extensive *voir dire* hearing about the arrest, and then questioned the jury as to whether they had seen anything unusual outside the courthouse the previous afternoon. Only one juror had seen the incident, and he stated that he did not recognize the man involved and that the incident would not influence his verdict in the case. The court then made findings of fact and denied both defendants' motions.

The State presented evidence that at 2:30 a.m. on 5 August 1977 Officer Rock stopped a 1975 Lincoln Continental because the right headlight was not operating. Defendant Price was driving and defendant Ervin was in the right front passenger seat. Officer Hancock, who was in the vicinity separately, stopped to assist Rock. Hancock and Price stepped to the front of the car to talk about the headlight. Rock, on the passenger's side of the car, shined his flashlight in through the window and saw an inch and a half of an object sticking out from under the armrests in the middle of the bench seat. Rock testified he was pretty sure what it was. He went around to the driver's side and removed from under the armrests a pistol case containing a nine millimeter automatic pistol. Rock then told Ervin to get out of the car, and as Ervin did so he reached to the front of his trousers and threw a clear packet containing white powder on the ground. Rock arrested Price and searched him and found a capsule of tuinal and a bag of white powder in Price's pockets. Hancock arrested Ervin, searched him, and found a bag of marijuana in his sock. Another bag containing white powder lay on the floor of the car. After the arrests the officers inventoried the vehicle and found in the trunk a tin of marijuana and a brief case containing $3,713.03 in cash and some of defendant Price's personal papers.

Analysis showed the white powder to be cocaine. Four hundred twenty-two milligrams were in the packet removed from Price's pocket, 4,134 milligrams in the large bag found on the floor of the car, and 26.50 grams in the packet taken from the ground beside the car.

Price offered no evidence. Ervin testified that Price was taking him to his girl friend's home when they were arrested. He did

not know that the pistol or the cocaine was in the car; he did not take any cocaine from his pants and throw it on the ground. He admitted that the marijuana in his sock was his.

Ervin was found guilty of unlawful possession with intent to sell and deliver cocaine and unlawful possession of marijuana. Price was found guilty of unlawful possession with intent to sell and deliver cocaine, unlawfully carrying a concealed weapon, and unlawful possession of tuinal. The court denied Ervin's motions to set aside the verdict and for nonsuit, and Price's motion for a new trial. Ervin was sentenced to four years. Price was sentenced to five years on the drug charges and 6 months for carrying a concealed weapon, the sentences to run consecutively.

Price gave notice in open court on 16 December of his intent to appeal, then withdrew the notice. Four days later Price gave written notice of appeal. The court ordered that he could not appeal, but could seek review by certiorari.

After trial the court ordered confiscation and forfeiture of the money found in the trunk of the Lincoln. Emmette Romaine Price, father of defendant Price, entered a petition and interpleader and motion to intervene, alleging the money was his and asking that it be returned to him. Petitioner testified before Judge Griffin that he owned the Lincoln and had loaned it to his son on 5 August. The money in the briefcase belonged to petitioner and his wife and they had it with them that day because they were house hunting and they intended to use it as a downpayment on a house if they found one. Papers in the briefcase belonged not to him but to his son, the defendant. The State presented no evidence. The court denied petitioner's motion.

Defendants and petitioner appeal.

*Attorney General Edmisten, by Assistant Attorney General Ben G. Irons II, for the State.*

*John H. Cutter III for defendant appellant Ervin.*

*Barry M. Storick for defendant appellant Price.*

*Kenneth R. Downs for petitioner-intervenor appellant.*

ARNOLD, Judge.

I.

[1, 2]   We first consider defendant Ervin's contention that the trial court erred in denying his motion to suppress the evidence taken from him and from the vehicle by the officers. Ervin had no standing to contest the search of the automobile. He was in the position of defendant Campbell in *State v. McPeak*, 243 N.C. 243, 90 S.E. 2d 501 (1955), where the court said: "The Oldsmobile belonged to McPeak [who was driving]: Campbell was a passenger or guest therein. Campbell's rights were not invaded by the search of McPeak's car, and he had no legal right to object thereto." *Id.* at 246, 90 S.E. 2d at 504. See also 29 Am. Jur. 2d Evidence § 418. As for the marijuana taken from Ervin's sock, it was seized in a proper search incident to a lawful arrest, and so it was admissible. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed. 2d 685 (1969), *reh. den.* 396 U.S. 869, 90 S.Ct. 36, 24 L.Ed. 2d 124 (1969); *State v. Allen*, 282 N.C. 503, 194 S.E. 2d 9 (1973). The packet of cocaine seized from the ground on the passenger side of the car is admissible evidence either as seized incident to a lawful arrest, cases cited above, or as seized in plain view without necessity of search, *State v. Allen, supra; State v. Powell*, 11 N.C. App. 465, 181 S.E. 2d 754 (1971). Ervin's motion to suppress was properly denied.

II.

[3]   Ervin also argues that the two defendants should have been tried separately because the charges against the defendants were not identical, and some evidence was admissible against one but not both defendants.

N.C.G.S. § 15A-926(b)(2)b.3. allows joinder of two or more defendants for trial at the prosecutor's request when "even [though] all of the defendants are not charged with accountability for each offense, the several offenses charged . . . [w]ere so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others." That is clearly the case here; all of the charges arise from the one short incident in the morning of 5 August. Joinder must nevertheless be denied if separate trials are necessary to give each defendant a fair trial. N.C.G.S. § 15A-927(c)(2). Whether the trials should be

joint or separate is within the trial court's discretion, and absent a showing that joinder deprived the defendant of a fair trial the court's exercise of its discretion will not be disturbed on appeal. *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976).

Defendant Ervin asserts that such unfairness came about in connection with the admission of testimony about the contents of the briefcase found in the trunk of the car; that the court improperly allowed the jury to consider this evidence against both defendants for a large portion of the trial before giving a limiting instruction that it was admissible only against Price. During direct examination of Officer Rock, the following occurred:

Q. What did you find in the briefcase?

DEFENDANT ERVIN: Objection.

COURT: Overruled.

DEFENDANT ERVIN'S EXCEPTION NO. 6

A. A large amount of money.

Defendant Ervin also objected when State's Exhibit 4, the envelope in which Officer Rock put the money from the briefcase for police storage, and State's Exhibit 5, the briefcase and its contents, were offered into evidence. The objections were overruled except to the contents of the briefcase, upon which the court reserved its ruling. Later on the State again offered the contents of the briefcase into evidence, and the record states:

The Court ruled that the contents of State's Exhibit 5, including the money which is another State's Exhibit are only competent against defendant Price and not defendant Ervin. The Court further stated that if any member of the jury had any questions to raise their hands.

Defendants Price and Ervin objected to the Court's ruling and their objections were overruled.

\*   \*   \*   \*

. . . At defendant Ervin's request the Court further instructed the jury not to consider any other contents of the trunk of the automobile as to the Defendant Ervin.

State v. Ervin

[4] The contents of the briefcase were not admissible as evidence against defendant Ervin, since he had no possession or joint control of the car where the briefcase was found. Defendant Ervin properly objected to the admission of this evidence, and was entitled to a limiting instruction. Where evidence is admissible against one party and not for any purpose against another, the latter need not request a limiting instruction at the time of admission; a general objection is sufficient. *State v. Franklin,* 248 N.C. 695, 104 S.E. 2d 837 (1958); *State v. Kelly,* 19 N.C. App. 60, 197 S.E. 2d 906 (1973); 4 Strong's N.C. Index 3d, Criminal Law § 95.1. Here the limiting instruction did not immediately follow the overruling of Ervin's objection, but that is not necessary. See *State v. Kelly, supra.* It is necessary, however, that the later instruction, in order to obviate prejudice, specifically reverse the earlier overruling of the objection. *State v. Franklin, supra.* The words of the limiting instruction here do not appear in the record, so we cannot tell if this was done, but as counsel prepared the record on appeal we assume that he omitted nothing that would support his client's assignments of error. Therefore we assume that the limiting instruction met the standards of *State v. Franklin* and was sufficient to avoid prejudice to Ervin.

### III.

[5] Defendant Price contends that he should have been granted a mistrial as a result of his arrest for jaywalking in front of the courthouse. He argues that his arrest by Officers Rock and Hancock, two prosecution witnesses, necessarily influenced the jury against him, but we do not agree. In response to the judge's questioning, only one juror answered that he had seen the incident, and he said that he did not recognize the man involved. It seems clear that jurors who did not see the incident, or who saw it but did not realize that the defendant was involved, were not prejudiced by it.

### IV.

[6] Price also assigns as error the court's order of 20 December denying him the right to appeal his conviction. N.C.G.S. § 15A-1444(a) gives the defendant an appeal as a matter of right. The procedures for appeal appear in N.C.G.S. § 15A-1448. Controlling here are (a)(1): "A case remains open for the taking of an appeal to the appellate division for a period of 10 days after the

entry of judgment," and (a)(5): "The right to appeal is not waived by withdrawal of an appeal if the appeal is re-entered within the time specified . . . ." Judgment was entered on 16 December, and on that date defendant Price gave notice of appeal in open court and later that day withdrew the notice. On 20 December Price gave written notice of appeal. The trial judge was clearly in error in denying this appeal, since defendant had complied with the statute. However, we find that this is harmless error since his appeal of that order has been heard in conjunction with his appeal on the merits.

No error is found in defendants' remaining assignments of error.

V.

[7] Petitioner-intervenor seeks on appeal to overturn the forfeiture order signed by the trial judge on 16 December and the denial of his petition. Before reaching the merits of petitioner's claim, we consider the State's contention that the matter is improperly before us. The State argues that the disposition of this money is a civil matter which should not be consolidated with criminal proceedings. In support of its position the State cites three cases, none of which are on point. In *State v. Ayers*, 220 N.C. 161, 16 S.E. 2d 689 (1941), the petitioner brought a civil proceeding to reclaim her automobile which had been seized by the sheriff while it was being used in the unlawful transportation of liquor, so the question of whether a civil action or an intervention in the criminal trial was the proper way of proceeding was not before the court. In *State v. Earley*, 24 N.C. App. 387, 210 S.E. 2d 541 (1975), the court was asked to adjudicate conflicting claims of title to allegedly stolen property which had been used as evidence in the completed criminal trial. In *State v. McIntyre*, 33 N.C. App. 557, 235 S.E. 2d 920 (1977), the question was the disbursement to competing claimants of restitution funds which the defendant in the criminal proceeding had paid into court as the result of a plea bargain. In both cases this Court found no jurisdiction in the lower court to make such a determination in a criminal proceeding. "After the final disposition of the criminal case, a civil action among the various claimants to the property is the proper action in which title or right to possession can be adjudicated." *State v. Earley, supra* at 389, 210 S.E. 2d at 543.

The present case, however, is a different situation. In the intervention here the petitioner's "title or right" in the property is an incidental issue. The major question is whether the money was being used for criminal purposes. If so, the money was appropriately confiscated. In both *Earley* and *McIntyre* the questions of title to the property had no common issues of fact with the criminal proceedings; whether or not the defendant charged was found to have been the one who stole the property would not affect the petitioners' claims. Here the question of fact — whether the money was being used for a criminal purpose — would be answered by the same evidence which would show defendants' guilt or innocence of the charges at trial. We do not hold that a separate civil action, if petitioner had chosen that way to proceed, would have been inappropriate, but neither do we find it necessary, considering the congestion of court calendars and the expense of sequential trials, to insist that the court erred in allowing petitioner's intervention in the criminal proceeding. A separate civil action would have required the State to present again almost its entire case against defendants. The matter is appropriately before this Court.

[8] We now turn to petitioner's contention that the forfeiture of the money was error. On 20 December the court in the criminal proceeding entered an order of forfeiture as follows:

[T]he Court makes the following Findings of Fact:

That on August 5, 1977, the Defendant was operating a 1975 Continental automobile which was owned by himself or his father or his father and mother, that he had the keys to this automobile; that during the trial of the cases State's Exhibit #5 was introduced into evidence, being a briefcase, that within that briefcase was State's Exhibit #4, being a quantity of United States currency and money in the amount of $3,713.03. Also, contained within the briefcase were numerous papers bearing the name of the Defendant Price.

Upon the foregoing Findings of Fact the Court concludes that the $3,713.03 found in the trunk of the automobile is subject to confiscation and forfeiture, it being used for criminal purposes by the Defendant.

At the hearing on petitioner's motion it was stipulated that petitioner and his wife were the owners of the Lincoln, and petitioner and his wife both testified that the money found in the briefcase in the trunk of the Lincoln belonged to them. The State presented no evidence. At the close of the hearing that judge also entered a forfeiture order, with findings of fact and conclusions of law identical to those of the 20 December order. Findings of fact by the trial court are conclusive when supported by competent evidence. The trial court's conclusions drawn from its findings of fact are reviewable on appeal. *Highfill v. Williamson*, 19 N.C. App. 523, 199 S.E. 2d 469 (1973); 1 Strong's N.C. Index 3d, Appeal and Error § 57.3.

In *State v. McKinney*, 36 N.C. App. 614, 244 S.E. 2d 455 (1978), this Court held that forfeiture could not be based solely on the fact that the money to be forfeited was found in "close proximity" to the controlled substance. It was further noted in *McKinney* that the jury's determination of defendant's "guilt of possession of heroin is not the equivalent of a judicial determination that he was the owner of that heroin or, by implication, of currency found in close proximity . . . ." *supra* at p. 617, 244 S.E. 2d at 457.

We affirmed the order of forfeiture in the appeal before us, however. The evidence showed more than a close proximity of the currency to the controlled substance. Papers belonging to defendant Price were found inside the briefcase along with the money. Moreover, the trial court obviously was not bound to believe petitioner's testimony that the money belonged to him.

As to defendants, no error.

As to petitioner-intervenor, affirmed.

Judges VAUGHN and WEBB concur.