STATE OF NORTH CAROLINA v. ALLEN MITCHELL MELVIN

No. 814SC1221

(Filed 1 June 1982)

**1. Criminal Law § 92.1— joinder of defendants for trial proper**
    Under G.S. 15A-926(b)(2), in a prosecution for common law robbery, the trial judge did not err in joining all defendants for trial since the offenses charged were part of the same transaction and were so closely connected that it would be difficult to separate proof of one charge from proof of the others.

**2. Criminal Law § 99.2— court's statement to jury concerning codefendants' pleas**
    The trial judge's statement to the jury, after the State's case in chief, concerning the pleas of the other defendants did not violate G.S. 15A-1025 concerning plea discussions of defendant and did not constitute an expression of opinion in violation of G.S. 15A-1232.

**3. Robbery § 4.2— common law robbery—sufficiency of evidence**
    In a prosecution for common law robbery, the evidence was sufficient to go to the jury where the evidence showed that the victim's money was taken from his person against his will by violence and that, although the evidence was conflicting as to whether defendant was a principal in the first degree or a

principal in the second degree, the evidence was at least sufficient to show that defendant was present and participated in the act which was the basis of the charge against him.

Judge BECTON concurring in part and dissenting in part.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 18 June 1981 in Superior Court, SAMPSON County. Heard in the Court of Appeals 29 April 1982.

Defendant was indicted for common law robbery. He was convicted as charged and appeals from a judgment of imprisonment entered thereon.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Warrick, Johnson & Parsons, by W. Douglas Parsons, for defendant-appellant.*

HILL, Judge.

The State's evidence tends to show that on 14 November 1980, defendant was tending bar at Ronnie Parker's Pool Hall when a fight broke out between Linda Gail McNeil and co-defendant Ruth Parker. Willie Leon Frederick attempted to end the fight by placing McNeil in his car, but co-defendants James Jarvis Finch and Ronnie Parker and defendant began fighting with Frederick. During that fight, Frederick testified, defendant "grabbed me right at my backpocket and snatched my pocketbook out, so I knowed it was him, I was looking at him." However, he also testified that Ronnie Parker took his wallet which contained approximately $290 dollars. When asked whether defendant had anything to do with his wallet, Frederick replied, "Him and Ronnie were the first two big ones that came to me." He also stated he never saw defendant touch the wallet in his presence "because Ronnie had it."

Defendant's evidence tends to show that he merely attempted to break up the fight and "never heard anything about any wallet." On rebuttal, the State recalled Frederick who testified that defendant first touched the wallet when it came out and Parker put it in his back pocket.

[1]   In his first argument, defendant contends that the trial judge erred in allowing the State's motion to join for trial all defendants, even though no objection to such joinder was made at trial. Nevertheless, we review defendant's assignment of error pursuant to G.S. 15A-1446(b), as he requests.

G.S. 15A-926(b)(2) states as follows:

Upon written motion of the prosecutor, charges against two or more defendants may be joined for trial:

. . . .

b. When, even if all of the defendants are not charged with accountability for each offense; the several offenses charged:

1. Were part of a common scheme or plan; or

2. Were part of the same act or transaction; or

3. Were so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others.

Whether the trials should be joint or separate is within the discretion of the trial judge, and absent a showing that joinder deprived defendant of a fair trial, the exercise of the judge's discretion will not be reviewed on appeal. *State v. Braxton,* 294 N.C. 446, 242 S.E. 2d 769 (1978); *State v. Ervin,* 38 N.C. App. 261, 248 S.E. 2d 91 (1978).

Here, the events from which all defendants were charged clearly were part of the same transaction and were so closely connected that it would be difficult to separate proof of one charge from proof of the others. We perceive no unfairness in the conduct of defendant's trial with his co-defendants. Thus, there is no error in the joinder for trial of all defendants.

[2]   Defendant's second and fourth arguments assign as error the trial judge's statements to the jury after the State's case in chief as follows:

. . . Members of the Jury, the defendants in the case that we are trying have negotiated with the State to enter please [sic] to the charges that have [been] placed against

them. What they are doing right now is filling out the transcripts of pleas, and it will take them awhile since there are six defendants. We are going to start the next case.

Following the denial of all defendants' motions to dismiss, the judge also addressed the jury as follows:

. . . Members of the Jury, during the interim, the defendants, Joyce Ann Parker, Lorraine Cooper, Ruth Parker, Jarvis Finch, and Ronnie Parker changed their plea of not guilty to nolo contendere. Therefore, it will be unnecessary for you to determine the guilt or innocence against those five people. In the case of Allen Melvin, the charges against him which we will pursue will be assault with attempt to inflict serious injury and common law robbery. We will proceed with those two charges against the defendant.

G.S. 15A-1025 states that "[t]he fact that the defendant or his counsel and the prosecutor engaged in plea discussions or made a plea arrangement *may not be received in evidence against or in favor of the defendant* in any criminal or civil action or administrative proceedings." (Emphasis added.) Although again defendant made no objection to the statements quoted above, we conclude that no violation of G.S. 15A-1025 occurred in the present case. No evidence of plea discussions or arrangements was offered by the State or by defendant. Further, we are not persuaded that the trial judge's statements constitute an expression of opinion in violation of G.S. 15A-1232. These assignments of error therefore are overruled.

[3] Finally, defendant contends that the trial judge erred in denying his motions to dismiss at the end of the State's case in chief. By introducing evidence following the denial of this motion, defendant waives the motion. G.S. 15-173. Although the record does not affirmatively show that defendant removed his motion to dismiss at the end of all the evidence, we nevertheless undertake to review the sufficiency of the evidence to go to the jury. *See State v. Atwood,* 290 N.C. 266, 225 S.E. 2d 543 (1976); *State v. McWilliams,* 277 N .C. 680, 178 S.E. 2d 476 (1971).

" 'Robbery at common law is the felonious taking of money or goods of any value from the person of another or in his presence against his will, by violence or putting him in fear.' " *State v.*

*McWilliams, supra* at 687, 178 S.E. 2d at 480, *quoting State v. McNeely,* 244 N.C. 737, 741, 94 S.E. 2d 853, 856 (1956). Both principals in the first degree and principals in the second degree are considered principals and are equally guilty. *State v. Benton,* 276 N.C. 641, 174 S.E. 2d 793 (1970). To support a conviction as a principal in the second degree,

> the State's evidence must be sufficient to support a finding that the defendant was present, actually or constructively, with the intent to aid the perpetrators in the commission of the offense should his assistance become necessary and that such intent was communicated to the actual perpetrators. The communication or intent to aid, if needed, does not have to be shown by express words of the defendant but may be inferred from his actions and from his relation to the actual perpetrators.

*State v. Sanders,* 288 N.C. 285, 290-91, 218 S.E. 2d 352, 357 (1975), *cert. denied,* 423 U.S. 1091 (1976). *Accord State v. Brown,* 300 N.C. 41, 265 S.E. 2d 191 (1980).

In the present case, the evidence recounted above clearly shows that Frederick's money was taken from his person against his will by violence. Although the evidence is conflicting as to whether defendant is a principal in the first degree or a principal in the second degree, the evidence is at least sufficient to show that defendant was present and participated in the act which is the basis of the charge against him. Thus, the trial judge correctly denied defendant's motion to dismiss.

For these reasons, in defendant's trial, we find

No Error.

Judge HEDRICK concurs.

Judge BECTON concurs in part and dissents in part.

Judge BECTON, concurring in part and dissenting in part.

I concur in the majority's resolution of the joinder and nonsuit issues. Believing that the majority reads G.S. 15A-1025 too narrowly and, thus, thwarts the legislative purpose underlying the enactment of G.S. 15A-1025, I dissent.

The relevant statute reads:

The fact that the defendant or his counsel and the prosecution engaged in plea discussions or made a plea arrangement may not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceedings.

G.S. 15A-1025. Finding that "[n]o evidence of plea discussions or arrangements was offered by the State or by defendant" and "that the trial judge's statements [do not] constitute an expression of opinion . . . " the majority concludes "that no violation of G.S. 15A-1025 occurred in the present case." Ante, p. 4. In my view, the *fact* of plea discussions and plea arrangements is inadmissible in this criminal proceeding. The obvious and primary legislative concern in enacting G.S. 15A-1025 was the prejudice that occurs when a jury is told during trial that the defendant has decided to plead guilty. The vice is in telling the jury this, not in the method by which jurors are told. And even when incriminating statements are made in the course of plea negotiations by a defendant, our Supreme Court has suggested that the incriminating statements might be inadmissible if the fact of plea bargaining has been revealed. *See State v. Jenkins*, 292 N.C. 179, 188, 232 S.E. 2d 648, 654 (1977) (dictum) ("[W]e do not think that the District Attorney's questions, which tended to impeach defendant's testimony by showing a contradictory statement, would violate the provisions of the statute *unless the fact of plea bargaining was revealed.*")

In addition to my belief that the legislature intended to keep from the jury all references to prior plea negotiations, whether by introduction of formal evidence or otherwise, I believe that there are practical reasons suggesting how the defendant was prejudiced in this case. The testimony of a witness concerning plea arrangements may not be nearly as compelling as the trial judge's statement that the defendant has negotiated with the State to plead guilty and is now filling out the transcript of plea, since, in the first instance, the witness would be subjected to cross examination and the resulting balancing process by the jury to determine the weight and credibility of the testimony.

In this case, the State put on strong and compelling evidence of defendant's guilt before resting its case. The trial judge then said to the jury:

Members of the Jury, the defendants in the case that we are trying *have negotiated* with the State to enter please [sic] to the charges that have [been] placed against them. *What they are doing right now is filling out the transcripts of pleas*, and it will take them a while *since there are six defendants. We are going to start the next case.* [Emphasis added.]

Few things could be more prejudicial than the quoted statement by the trial judge and the following statement by the trial judge which was given when the jury returned to the courtroom:

. . . Members of the Jury, during the interim, the defendants, Joyce Ann Parker, Lorraine Cooper, Ruth Parker, Jarvis Finch, and Ronnie Parker changed their plea of not guilty to nolo contendere. Thereafter, it will be unnecessary for you to determine the guilt or innocence against those five people. In the case of Allen Melvin, the charges against him which we will pursue will be assault with attempt to inflict serious injury and common law robbery. We will proceed with those two charges against the defendant.

Although the trial court sought, commendably, only to inform the jurors of the status of the cases being tried, the trial court, inadvertently, prejudiced the defendant by his remarks.

For the reasons stated, I believe the defendant is entitled to a new trial.