City of Winston-Salem v. Hege

_____

CITY OF WINSTON-SALEM v. VERA S. HEGE (WIDOW); RAYMOND G. HEGE AND WIFE, ALICE HEGE; EDITH HEGE CROOK AND HUSBAND, EDWARD J. CROOK; ELSIE HEGE KINNEY AND HUSBAND, DANIEL KINNEY; AND NANCY HEGE PARR AND HUSBAND, JOHN A. PARR

No. 8221SC390

(Filed 15 March 1983)

1. **Appeal and Error § 31.1— assignment of error to failure to charge—necessity for objection at trial**

    Defendants could not properly assign as error the trial court's failure to give certain instructions where the record shows that all parties were afforded ample opportunity to object to the instructions out of the presence and hearing of the jury before the jury began its deliberations but that defendants made no request for instructions and did not object in any way. App. Rule 10(b)(2).

2. **Eminent Domain § 6.2— evidence of value—comparable sales of land**

    The trial court in a condemnation proceeding did not abuse its discretion in the admission of testimony about comparable sales of land from two expert witnesses for the condemnor where the record disclosed that the court conducted a voir dire examination of the two witnesses before deciding that some of the properties were sufficiently similar to the property in question to admit evidence about their sales for comparison, and differences in the tracts being compared were brought out in detail during cross-examination when the evidence was heard before the jury.

APPEAL by defendants from *Walker (H.H.), Judge.* Judgment entered 7 December 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 17 February 1983.

This is a civil action wherein the city sought to take by eminent domain for purposes of public water storage a tract of land owned by the defendants. The property, 5.94 acres located south of the city limits of Winston-Salem, was zoned Residential-5 (R-5) at the time of the taking. Prior to trial, all issues were resolved between the parties except the amount of compensation to be paid to the defendants.

The following issue was submitted to and was answered by the jury as indicated:

> What amount are the landowners entitled to recover from the City of Winston-Salem?

> ANSWER: $46,200.

From a judgment entered on the verdict, defendants appealed.

*Ronald G. Seeber, City Attorney and Ralph D. Karpinos, Assistant City Attorney for City of Winston-Salem, plaintiff-appellee.*

*Booe, Mitchell, Goodson and Shugart, by William S. Mitchell for the defendant-appellants.*

HEDRICK, Judge.

[1]   The defendants argue by Assignment of Error Nos. 1, 2, and 4, based on Exception Nos. 8-16, that the trial judge erred in failing to instruct the jury to consider the potential value of the property prior to taking based on the possibility of future rezoning. N.C. App. R. 10(b)(2) provides in part:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

The record demonstrates that before the judge instructed the jury a conference was held with the attorneys representing the City and the landowners where the judge advised the attorneys as to how and what he was going to instruct the jury on the issue of damages. The parties were told specifically that the jury would be instructed that they would consider the highest and best use of the property at the time of its taking by the City, and that the jury would *not* consider "any future or speculative use" in relation to zoning. The parties were advised specifically that the jurors would be instructed to consider the property as it was zoned at the time of the taking (R-5). No objection was given by the landowners' attorneys at the time of the conference.

The record discloses that after the jury had been instructed, the trial judge, with specific reference to N.C. App. R. 10(b)(2), had another conference with the attorneys before the jury was sent out to deliberate. There is absolutely nothing in the record to indicate that the defendants raised any objection at that time with respect to the instructions.

The defendants' argument has no merit. The record affirmatively discloses that all parties were afforded ample opportunity to object to the "jury charge" out of the presence and hearing of the jury before the jury began its deliberations. The defendants made no request for instructions nor did they object in any way.

The defendants' contention that they were not afforded an opportunity to object when the jury came in for additional instructions is meritless. Obviously, N.C. App. R. 10(b)(2) has no application once the jury has begun its deliberations. Even so, the defendants' objection at the time (by the attorney's shaking his head) appears to have been directed to whether the property was zoned R-5 at the time of the taking. These assignments of error are not sustained.

[2] The defendants next assign error to the trial judge's admission of testimony about comparable sales of land from two expert witnesses for the City. The properties being compared to the condemned property, the defendants contend, were grossly dissimilar and incapable of comparison. The record discloses that the trial judge conducted a voir dire examination of these witnesses before deciding that some of the properties were sufficiently similar to

the property in the present case to admit evidence about their sales for comparison. When the evidence was heard before the jury, differences in the tracts being compared were brought out in detail during cross-examination.

> Whether property involved in a voluntary sale is sufficiently similar in nature, location and condition to the property appropriated by condemnation to admit evidence of its sale and the price paid therefor as a guide to the value of the condemned property is a question to be determined by the trial judge in the exercise of his sound discretion.

*Highway Commission v. Coggins*, 262 N.C. 25, 28, 136 S.E. 2d 265, 267 (1964), cited in *Redevelopment Comm. v. Panel Co.*, 273 N.C. 368, 371, 159 S.E. 2d 861, 863 (1968). *See also, Barnes v. Highway Commission*, 250 N.C. 378, 109 S.E. 2d 219 (1959). We find no abuse of discretion upon the part of the trial judge in admitting the evidence challenged by these exceptions.

No error.

Judges WHICHARD and BRASWELL concur.