STATE OF NORTH CAROLINA v. THOMAS DONNELL

No. 9318SC1164

(Filed 6 December 1994)

**1. Robbery § 66 (NCI4th)— armed robbery—sufficiency of evidence**

Evidence of armed robbery was sufficient to be submitted to the jury even though the State failed to introduce the $120.00 found on defendant's person and claimed by the victim to be his

STATE v. DONNELL

[117 N.C. App. 184 (1994)]

property where the State's evidence showed that defendant and two other men knocked the victim to the ground and began kicking and hitting him in the face and head; before knocking the victim to the ground, one of the men brandished a firearm and hit the victim in the head with it; while the victim was on the ground, one of the men reached into his pocket and took his money; and the investigating officer testified that $162.50, $126.00, and $9.55 were found on defendant and his accomplices.

Am Jur 2d, Robbery §§ 62 et seq.

2. Robbery § 135 (NCI4th)— armed robbery—no submission of lesser offense

The trial court in an armed robbery prosecution did not err in refusing to submit the lesser offense of common law robbery to the jury where the victims testified that a firearm was used, and testimony of a security officer and police officer that they did not see a gun but that they performed no search of the crime scene and no search of defendants until some time after they had fled the scene did not refute the victims' testimony.

Am Jur 2d, Robbery §§ 75, 76.

Lesser-related state offense instructions: modern status. 50 ALR4th 1081.

3. Robbery § 118 (NCI4th)— armed robbery—instruction on weapon used—no error

The trial court in an armed robbery prosecution did not commit plain error by giving the jury an instruction that tended to imply that any deadly weapon was sufficient when the indictment required that the jury find the weapon in question was a pistol, since the only evidence before the jury was that the weapon was a pistol, and there was no likelihood that the jury would have reached a different result had the offending instruction not been given.

Am Jur 2d, Robbery §§ 71 et seq.

4. Robbery § 164 (NCI4th)— aggravating factor not found— no error

The trial court did not abuse its discretion by finding that defendant had lied about his record where the trial court did not find this as a separate aggravating factor but included it in the findings of prior convictions, and the trial court gave defendant

STATE v. DONNELL

[117 N.C. App. 184 (1994)]

an opportunity to explain his testimony that he had no prior convictions.

**Am Jur 2d, Robbery §§ 82 et seq.**

Appeal by defendant from judgment and commitment entered 21 May 1993 by Judge Edward K. Washington in Guilford County Superior Court. Heard in the Court of Appeals 26 September 1994.

Defendant was charged in an indictment with robbery with a firearm in violation of G.S. 14-87. The State's evidence tended to show that on 21 September 1991, James Edwards and Jerry Harrelson walked up to a phone booth in a parking lot on 1510 East Market Street, across from A & T University. Defendant and two other men were standing around a car parked near the phone booth. While Jerry Harrelson was trying to use the phone, James Edwards began talking with the defendant. One of the men who was with defendant grabbed James Edwards and Edwards fought back. The other man with the defendant went to the car and pulled out a pistol. Upon seeing the pistol, Edwards yelled to Harrelson that the man had a gun and to run for safety. The man with the gun then approached Harrelson and hit him in the head with the gun. Defendant and the two men then knocked Harrelson to the ground and started kicking him. While Harrelson was on the ground he felt one of the men take his money out of his pocket. Harrelson testified that he was carrying $120.00 on his person.

Duran Dulin, a security officer for A & T University, testified that he was traveling west on Market Street on the night of 24 September 1991. When Officer Dulin stopped at the light at the intersection of Market and Laurel, he looked to the left and saw three individuals on top of Harrelson, striking him about the head and face with their fists. When Officer Dulin pulled into the parking lot to investigate, the three men stood up and backed away. After checking Harrelson for injuries, Officer Dulin began questioning the three men to determine what had happened. Officer Dulin then returned to Mr. Harrelson, who told him that the men had tried to take his money. When Officer Dulin again tried to talk to the three men, they ran away.

Edwards returned to the scene and informed the officer that one of the subjects had a gun. Edwards noticed the men who had assaulted Harrelson were going west in a cab down Market Street. Another officer followed the cab and pulled it over. After Harrelson and Edwards identified the men as their assailants, the suspects and

STATE v. DONNELL

[117 N.C. App. 184 (1994)]

the cab were searched for weapons and money. The sum of $162.25 was found on defendant's person. No weapons were found. On cross examination, Officer Dulin testified that he did not draw his weapon when he got out of his car and that he did not see any sign of a weapon. He further admitted that he did not know whether the men had a weapon because he never saw one.

Officer Karen G. Laboard of the Greensboro Police Department testified that she was called to the scene. Officer Laboard testified as to statements she took from James Edwards, Jerry Harrelson, and Officer Dulin. Officer Laboard testified that after the men were arrested, she collected their clothing and other personal items. Defendant had $162.25 and the other two men each had $126.00 and $9.55 respectively on their persons. Officer Laboard identified State's Exhibits 6 and 7 as defendant's clothing and Exhibit 8 as the money she took from defendant, less $120.00, which had been released to Harrelson without her knowledge.

At the close of the evidence, defendant moved to dismiss the charges on the ground that the State had failed to produce evidence of the stolen property. Defendant's motion was denied. Defendant also requested an instruction on the lesser offense of common law robbery, which was also denied.

The jury found defendant guilty of robbery of Jerry Harrelson with a firearm. By order entered 21 May 1993, defendant was sentenced to a term of twenty years. Defendant apppeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Robin Michael, for the State.*

*Harris & Iorio, by Douglas S. Harris, for defendant-appellant.*

THOMPSON, Judge.

Defendant raises the following assignments of error: (1) the denial of his motion to dismiss, (2) the denial of his request for an additional instruction on common law robbery, (3) instructions given to the jury in response to a question submitted by the jury, and (4) the trial court's finding of an aggravating factor. We find no error and thus affirm.

In reviewing the denial of a motion to dismiss for insufficient evidence, the evidence at trial must be examined in the light most favorable to the State to determine whether there is substantial evidence

of every essential element of the crime. "Evidence is 'substantial' if a reasonable person would consider it sufficient to support the conclusion that the essential element exists." *State v. McKinnon*, 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982). The essential elements of the offense of armed robbery under N.C. Gen. Stat. § 14-87 are: (1) the unlawful taking or attempted taking of personal property from another, (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means, and (3) danger or threat to the life of the victim. *State v. Giles*, 83 N.C. App. 487, 490, 350 S.E.2d 868, 870 (1986), *cert. denied*, 319 N.C. 460, 356 S.E.2d 8 (1987). A person who aids or abets another person or persons in the commission of the offense of armed robbery is equally guilty as a principal. *See* N.C. Gen. Stat. § 14-87(a) (1993) (persons who commit the offense of robbery with firearms or other dangerous weapons and persons who aid or abet such persons shall be guilty of a Class D felony).

**[1]** Defendant argues that the trial court should have granted his motion to dismiss because the State failed to introduce the $120.00 found on defendant's person. We disagree. Viewing the evidence in the light most favorable to the State, we find that there was substantial evidence of each essential element of the offense. Thus, the trial court's denial of defendant's motion to dismiss was proper. The State's evidence showed that defendant and two other men knocked Harrelson to the ground and began kicking and hitting him in the face and head. Before knocking Harrelson to the ground, one of the men brandished a firearm and hit Harrelson in the head with it. While Harrelson was on the ground, one of the men reached in his pocket and took his money. Although the State did not introduce the $120.00 found on defendant's person, there was substantial evidence that defendant and his accomplices unlawfully took Harrelson's personal property. A reasonable person would consider Harrelson's testimony that defendant and his two accomplices assaulted him and that one of the three men took $120.00 from his person, along with Officer Laboard's testimony that $162.25, $126.00, and $9.55 were found on defendant's and his accomplices' persons respectively, sufficient to support the conclusion that defendant and his accomplices unlawfully took Harrelson's personal property.

**[2]** Defendant next argues that the trial court erred in refusing to submit a charge of common law robbery to the jury as an alternative to the armed robbery charge. The trial court is required to submit a lesser included offense to the jury only when there is evidence from which the jury could find that defendant committed the lesser includ-

ed offense. Submission of a lesser included offense is not required when the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any element. *State v. Maness*, 321 N.C. 454, 461, 364 S.E.2d 349, 353 (1988). " 'Robbery at common law is the felonious taking of money or goods of any value from the person of another or in his presence against his will, by violence or putting him in fear.' " *State v. Melvin*, 57 N.C. App. 503, 506, 291 S.E.2d 885, 887, *cert. denied*, 306 N.C. 748, 295 S.E.2d 484 (1982) (citation omitted).

Defendant contends that the trial court should have instructed the jury on common law robbery because the testimonies of Officer Dulin and Officer Laboard constituted conflicting evidence relating to the use of a firearm and provided evidence from which the jury could find that he committed common law robbery. We disagree. James Edwards and Jerry Harrelson testified that a firearm was used. Their testimony was not refuted by Officer Dulin and Officer Laboard. Officer Dulin testified that the three men stood up and backed away as soon as he pulled into the parking lot. Officer Dulin did not immediately arrest and search the three men and did not search the area. Instead, the officer checked the victim for injuries and questioned the three men about what happened. No search was ever performed at the scene of the crime and defendants were not searched until some time after they had fled the scene.

[3] Defendant's third assignment of error is to instructions given in response to a question submitted by the jury. The jury submitted the following question during its deliberations: "Do we need to decide that there was a firearm involved or simply any object that could be used as a deadly weapon?" Judge Washington discussed the question with counsel for the State and counsel for the defendant outside of the presence of the jury. He then stated that he intended to read the indictment to the jury and to tell them that "so far as this case is concerned the words 'to wit, the use of a .25 caliber automatic pistol,' may be taken by them and they may consider that, but it's up to them to decide whether this defendant is guilty of robbery with a firearm or not." Defendant did not object to the proposed instruction. Thereafter, the trial court instructed the jury as follows:

> The indictment reads, "Indictment, robbery with dangerous weapon." The first part of it is the charge that, "He did steal, take, and carry away, or—and attempt to steal, take, and carry away another's personal property, the value of $120.00, from the pres-

ence or person of Jerry Wayne Harrelson. The defendant committed this act having in possession and with the use and threatened use of firearms and other dangerous weapons, implements, and means," and then, it has a comma, "to wit, the use of a .25 caliber automatic pistol, whereby the life of Jerry Wayne Harrelson was · endangered and threatened."

Now, the indictment itself is the charge that is being tried by this jury. In one respect, you may consider that it says, "any dangerous weapons, implements and means." On the other hand of that coin, you can say it also says, "to wit, the use of a .25 caliber automatic pistol." But it's for you, the jury, to say and determine whether or not this defendant is guilty beyond a reasonable doubt of the charge against him listed as robbery with a dangerous weapon.

Defendant did not object to this instruction. Defendant now argues that the instruction was in error because it tended to imply that any weapon was sufficient when the indictment required that the jury find the weapon in question was a gun.

The State argues that defendant is prohibited from assigning as error any portion of the jury charge because he failed to object to any portion of the instruction before the jury retired, as required by Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure. Rule 10(b)(2), which provides that "a party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict," has no application once the jury has begun its deliberations. N.C. R. App. P. 10(b)(2) (1994); *City of Winston-Salem v. Hege*, 61 N.C. App. 339, 341, 300 S.E.2d 589, 590 (1983). However, we find that defendant has failed to preserve this question for review as required under Rule 10(b)(1), which provides that in order to preserve a question for appellate review a party must make a timely objection and obtain a ruling on such objection. N.C.R. App. P. 10(b)(1) (1994). Where a defendant fails to preserve a question by objection noted at trial, the question may nevertheless be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error. N.C. R. App. P. 10(c)(4) (1994). Although defendant does not contend the instruction amounted to plain error, we exercise our ·discretion under Rule 2 to suspend the rules and review for plain error. N.C. R. App. P. 2 (1994).

In deciding whether a defect in the jury instruction constitutes plain error, the appellate court must review the entire record to determine if the instructional error had a probable impact on the jury's finding of guilt. *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378-379 (1983). " '[T]he appellate court must be convinced that absent the error the jury probably would have reached a different verdict.' " *State v. Hartman*, 90 N.C. App. 379, 383, 368 S.E.2d 396, 399 (1988) (citation omitted). An improper instruction rarely justifies reversal of a criminal conviction where no objection was made in the trial court. *Odom*, 307 N.C. at 661, 300 S.E.2d at 378 (citing *Henderson v. Kibbe*, 431 U.S. 145, 154, 52 L.Ed.2d 203, 212, 97 S.Ct. 1730, 1736 (1977)).

Having reviewed the entire record, we cannot say that, absent the error, the jury probably would have reached a different verdict. Although the jury's question suggests uncertainty of whether the object was a firearm or some other weapon, the only evidence before the jury was that the weapon was a gun. Both prosecuting witnesses testified that one of the three men had a gun. James Edwards testified that after he saw one of the men go to the car and "pull something silver out" he told Jerry Harrelson that "he had a pistol." Jerry Harrelson testified that one of the men approached him and hit him in the head with a .25 automatic pistol. When asked if he could definitely see that the object with which he was struck with was a gun, Mr. Harrelson replied "it was a gun."

On cross examination defendant's counsel attempted, to no avail, to undermine this testimony. On cross examination of James Edwards, defendant's counsel said, "I take it you didn't get a real good look at the silver object because you took off running as soon as you saw it." Mr. Edwards responded, "I know what a pistol looks like." Defendant's counsel then stated, "You saw enough to see it was a pistol," to which Mr. Edwards said, "Yes, I know what a pistol looks like." On cross examination of Jerry Harrelson, defendant's counsel asked Mr. Harrelson when he had an opportunity to observe the gun. Mr. Harrelson answered that he saw the gun when the man who hit him in the head with it was walking towards him.

**[4]** Lastly, defendant contends that the trial court abused its discretion by finding as an aggravating factor that defendant had lied about his record. Defendant argues that this was an abuse of discretion because he was not given the opportunity to explain his statement. We find no error. The record of the sentencing proceeding reflects that the trial court did not find as a separate aggravating factor that

defendant lied about his record. The record also reflects that defendant was given an opportunity to explain his testimony. The State offered evidence of prior convictions for offenses that carry sentences of greater than 60 days. Defendant's counsel stipulated to these convictions although at trial defendant had denied on the stand that he was ever convicted. Judge Washington asked defendant to explain why after being sworn to tell the truth he denied ever being convicted. After listening to defendant's response, Judge Washington held that "the Court would find that the aggravating factors are that the defendant has prior convictions for criminal offenses punishable by more than 60 days confinement, and I want you to add to that, parentheses, 'these convictions were denied under oath in this trial.' "

No error.

Chief Judge ARNOLD and Judge MARTIN concur.