STATE OF NORTH CAROLINA
v.
WANDA RENEE COSEY, Defendant.
No. COA07-672
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General M. Lynne Weaver, for the State.
Nora Henry Hargrove for defendant-appellant.
GEER, Judge.
Defendant Wanda Renee Cosey appeals from her convictions of robbery with a dangerous weapon and assault inflicting serious injury. On appeal, defendant argues only that the trial court erred in failing to dismiss the charge of robbery with a dangerous weapon. Based on our review of the record, we hold that sufficient evidence was presented to allow a jury to conclude that defendant aided and abetted the robbery. The motion to dismiss was, therefore, properly denied.

Facts
The State presented evidence tending to show the following facts. On the evening of 23 October 2005, Ms. Junee Cason was present when a fight broke out between Ms. Cason's brother and the boyfriend of defendant's daughter, Shaquattia Simpson. During the fight, Shaquattia hit Ms. Cason's brother, and, in response, Ms. Cason hit Shaquattia. Shaquattia called defendant, her mother, and defendant arrived in her green van. Ms. Cason noticed defendant's green van following her as she traveled home with her brother. Ms. Cason did not, however, see defendant again until the next day.
At approximately 4:30 to 5:00 p.m. on 24 October 2005, defendant and her two daughters entered the Dollar General store in Rocky Point and confronted Ms. Cason, a store employee. Defendant told Ms. Cason, "I'm really going to get you. I'm going to come back and I'm going to cut your head off like you shaved my daughter's head." Defendant and her daughters left the store after ordered to do so by the store manager, Edward Parranto.
At approximately 8:30 p.m. that evening, Ms. Cason left the store to eat at Hardee's. When Ms. Cason got back into her car, she heard tapping on the driver's side window. She looked and saw defendant's niece holding a metal lug wrench in her hand and threatening to retaliate against Ms. Cason for attacking the woman's cousin. As Ms. Cason drove her car back to the Dollar General store, she realized she was being followed by three vehicles, one of which was a green van similar to defendant's.
Ms. Cason parked her car and attempted to run into the store. The green van and two other cars pulled in right behind Ms. Cason's car and parked. Before Ms. Cason could reach the store, defendant's son yanked her coat, causing her to fall. A circle of people surrounded her and began hitting, kicking, and beating her. Some of the people were using metal instruments. Ms. Cason was able to identify four of the individuals in the group of attackers, including defendant, defendant's son, defendant's daughter, and defendant's niece. Ms. Cason fell to her knees and put her elbows over her head to protect herself.
Mr. Parranto looked out the front door and saw Ms. Cason on the ground with three women "whacking at her" with items in their hands. Mr. Parranto testified that defendant was one of the three women hitting Ms. Cason and that she appeared to be "the leader of the pack." When Mr. Parranto walked outside, two of the three women "did an about-face" and walked away before Mr. Parranto could see their faces. When defendant attempted to hit Ms. Cason one last time, Mr. Parranto grabbed defendant's hand and the item that she held, and he told defendant that she and the others had to leave immediately.
As Mr. Parranto watched the three women walk away, he noticed that Ms. Cason's belongings were scattered on the ground. He saw one of the women other than defendant pick up something off the ground. One of the women also kicked a cell phone to the second woman, who picked it up and walked away. At that point, defendant's son hit Mr. Parranto on the head with a metal object, while another boy punched him. After the boys left, Mr. Parranto helped Ms. Cason inside the store. Ms. Cason discovered that her cell phone and the keys to her house and car were missing. She also discovered that a radar detector was missing from her car. Ms. Cason sustained bruises and lacerations to her scalp and elbow that required sutures. Her hair had been pulled out in several places, leaving bald spots, and, after the attack, Ms. Cason began to experience migraine headaches. Mr. Parranto had a black eye and lost a tooth.
On 23 January 2006, defendant was indicted for assault inflicting serious injury and aiding and abetting armed robbery. At trial, defendant testified on her own behalf. She acknowledged that she drove a green van and that she had gone to the Dollar General store on the afternoon of 24 October 2005. She testified, however, that she did not return there that evening when Ms. Cason was attacked, but rather was at a Food Lion buying groceries. According to defendant, after she finished her shopping, she received a call from her sister, who said that she was at the Dollar General store and that they "got her." Defendant claimed that her sister looks like her and must have been the one present at the attack.
The jury found defendant guilty of robbery with a deadly weapon and assault inflicting serious injury. The trial court consolidated the two charges and imposed a single presumptive range sentence of 61 to 83 months imprisonment. Defendant timely appealed to this Court.

Discussion
The sole issue raised on appeal is whether the court erred by denying defendant's motion to dismiss for insufficient evidence with respect to the charge of robbery with a dangerous weapon. A motion to dismiss requires the trial court to consider the evidence in the light most favorable to the State and determine whether there is substantial evidence of each essential element of the offense charged and of defendant's being the perpetrator of the offense. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." State v. Scott, 356 N.C. 591, 597, 573 S.E.2d 866, 869 (2002). "If there is substantial evidence  whether direct, circumstantial, or both  to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." State v. Locklear, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).
The crime of robbery with a dangerous weapon or armed robbery is statutorily defined as follows:
Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.
N.C. Gen. Stat. § 14-87(a) (2007). The State proceeded on the theory that defendant aided and abetted others in committing robbery with a dangerous weapon. "A person who aids or abets another person or persons in the commission of the offense of armed robbery is equally guilty as a principal." State v. Donnell, 117 N.C. App. 184, 188, 450 S.E.2d 533, 536 (1994).
Defendant argues the evidence is insufficient to show that she aided and abetted anyone in the taking of Ms. Cason's property. To be guilty as an aider and abettor, the accused must "aid or actively encourage the person committing the crime or in some way communicate to this person his intention to assist in its commission." State v. Goode, 350 N.C. 247, 260, 512 S.E.2d 414, 422 (1999). "In ruling on a motion to dismiss in the context of aiding and abetting, the court may also (1) infer a defendant's communication of his intent to aid from his actions and from his relationship to the actual perpetrators; (2) consider his motives to assist in the crime; and (3) consider the defendant's conduct before and after the crime." State v. Walker, 167 N.C. App. 110, 132, 605 S.E.2d 647, 662 (2004), appeal dismissed and disc. review denied, 359 N.C. 642, 614 S.E.2d 921 (2005). More specifically, when the accused is a friend or relative of the perpetrator and "knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone may be regarded as an encouragement." Goode, 350 N.C. at 260, 512 S.E.2d at 422.
Here, the evidence, when viewed in the light most favorable to the State, showed that defendant personally threatened Ms. Cason in the afternoon and then returned that night with her children and other companions to attack Ms. Cason. Mr. Parranto testified that defendant appeared to be the "leader of the pack." The jury could reasonably find from this evidence that Ms. Cason was an authority figure at the scene of the assault, which occurred as revenge for Ms. Cason's hitting defendant's daughter. The evidence of (1) defendant's initiation of the confrontation in the afternoon, (2) her motive in victimizing Ms. Cason, (3) her active participation and leadership role in the assault, (4) her continued attack after Mr. Parranto demanded the group leave, and (5) her accompanying the women taking the property  without voicing any objection  is sufficient to support a finding by the jury that defendant encouraged and, therefore, aided and abetted the robbery with a dangerous weapon. See, e.g., Donnell, 117 N.C. App. at 188, 450 S.E.2d at 536 (holding that evidence was sufficient for a jury to find defendant aided and abetted armed robbery when defendant joined two others in assaulting victim with one man using a firearm, one of the men took $120.00 from the victim's pocket, and various amounts of money were found on defendant and his accomplices). The trial court, therefore, properly denied the motion to dismiss.
No error.
Judges TYSON and STEPHENS concur.
Report per Rule 30(e).