An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-540

NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

STATE OF NORTH CAROLINA

   v.

SIDNEY NOEL HOFFMAN

Lincoln County
No. 11 CRS 51150

Appeal by defendant from judgment entered 3 August 2012 by Judge Robert T. Sumner in Lincoln County Superior Court.  Heard in the Court of Appeals 31 March 2014.

> *Roy Cooper, Attorney General, by Amanda P. Little, Assistant Attorney General, for the State.*
>
> *Leslie C. Rawls for defendant-appellant.*

DAVIS, Judge.

Sidney Noel Hoffman ("Defendant") appeals from his conviction for robbery with a dangerous weapon.  The charge arose from an incident at First Citizens Bank where Defendant informed a bank teller that she was being robbed and she observed the tip of a gun in his sleeve during their interaction.  On appeal, he argues that the trial court erred by (1) denying his motion to suppress; (2) denying his motion to

dismiss the charge of robbery with a dangerous weapon; and (3) instructing the jury on the charge of robbery with a dangerous weapon. After careful review, we conclude that Defendant received a fair trial free from error.

## Factual Background

On 18 April 2011, Defendant was charged with robbery with a dangerous weapon. Defendant filed a pre-trial motion to suppress (1) a gun and notebook seized at his residence; and (2) a videotaped interview of Defendant. The trial court conducted a suppression hearing on 30 July 2012.

Lieutenant Tim Johnson ("Lieutenant Johnson") of the Lincoln County Sheriff's Office testified that after arresting Defendant, he advised him of his *Miranda* rights and Defendant declined to make a statement without an attorney. Defendant was appointed counsel the next morning. Lieutenant Johnson subsequently received Defendant's inmate request form stating: "Need to speak to Lieutenant Johnson from investigation concerning my case against me." Lieutenant Johnson met with Defendant in an interview room. Defendant waived his *Miranda* rights, and in the videotaped interview, he told Lieutenant Johnson that he robbed the bank but did not have a gun. Defendant also told Lieutenant Johnson where to find the clothes

he wore during the robbery and a notebook with bank robbery "practice" notes that he created.

Lieutenant Johnson also testified at the suppression hearing that the bank teller, Susan Fleming ("Ms. Fleming"), gave a statement to a responding officer that she saw the tip of a gun hidden in the robber's shirt sleeve. On cross-examination, Lieutenant Johnson admitted that "[t]here was no description really of the gun." At the conclusion of the hearing, the trial court denied the motion and the case proceeded to trial.

The State's evidence at trial tended to show the following: On 11 April 2011, Defendant entered a First Citizens Bank in Denver, North Carolina, approached Ms. Fleming and handed her a note that said: "You're being robbed, I have a gun and I will shoot you." Ms. Fleming, who saw the tip of a gun inside Defendant's shirt cuff, handed Defendant money from her bank drawer. Defendant left the bank and drove off in a silver compact car. Ms. Fleming and other bank employees gave statements to responding police officers.

After receiving a tip, officers went to the home Defendant shared with his girlfriend, Louise Mazziotti ("Ms. Mazziotti"), and observed a silver car in the carport. Police obtained

consent to search the home and found a gun, registered to Ms. Mazziotti, on the living room table.

Defendant admitted that he entered the bank, gave a note to the teller demanding money, and left with the money given to him by her. Defendant, however, testified that he "never had a gun at any time in First Citizens Bank."

The trial court instructed the jury on robbery with a dangerous weapon and common law robbery. The jury found Defendant guilty of robbery with a dangerous weapon. The trial court sentenced Defendant to a term of 75 to 99 months active imprisonment. Defendant appealed to this Court.

Counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so. Defendant filed written arguments with this Court on 12 August 2013.

**Analysis**

First, Defendant claims the trial court erred by denying his motion to suppress the gun and his videotaped statement. Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

Defendant asserts the trial court erred in not suppressing the gun because the trial court's Finding of Fact 10 is not supported by the evidence. Finding of Fact 10 states that "a bank teller-witness at the time of the robbery gave a statement to the investigating officer that she saw the tip of a gun in the sleeve of the Defendant's shirt but could not otherwise describe the gun." Lieutenant Johnson testified that Ms. Fleming told Detective William Pitts ("Detective Pitts") of the Lincoln County Sheriff's Office that she saw the tip of a gun in Defendant's sleeve. Lieutenant Johnson admitted there was no

other description of the gun. We believe the foregoing testimony is sufficient to support the challenged finding of fact.

Defendant also contends the trial court erred in not suppressing the videotaped statement because "his will was overcome to contact the Lt. to discuss his case." Evidence presented at the suppression hearing shows that Defendant checked and initialed the following paragraph of his second *Miranda* warning on 13 April 2011: "I contacted Lieutenant Tim Johnson and also . . . Lincoln County Sheriff's Office in reference to this case. No promises or threats have been made to me, no pressure or coercion of any kind has been used against me." This evidence is sufficient to support the trial court's finding and conclusion that Defendant's statement given to Lieutenant Johnson was voluntarily and knowingly made. Accordingly, the trial court properly denied Defendant's motion to suppress.

Defendant next contends that the trial court erred in denying his motion to dismiss because the State failed to present sufficient evidence of robbery with a dangerous weapon. "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each

essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L.Ed.2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L.Ed.2d 818 (1995).

"[T]he essential elements of robbery with a dangerous weapon are: '(1) the unlawful taking or attempted taking of personal property from another, (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means, and (3) danger or threat to the life of the victim.'" *State v. Allred*, 131 N.C. App. 11, 19, 505 S.E.2d 153, 158

(1998) (quoting *State v. Donnell*, 117 N.C. App. 184, 188, 450 S.E.2d 533, 536 (1994)). Defendant asserts the State failed to present evidence of elements two and three, pointing to evidence indicating that Ms. Fleming's testimony was inconsistent with her written statements to responding officers.

Here, Ms. Fleming testified that (1) when Defendant approached her teller window, he gave her a note that said: "You're being robbed, I have a gun and I will shoot you;" (2) she saw the tip of a gun inside Defendant's right-arm shirt cuff; and (3) she complied with Defendant's demand by handing him money from her bank drawer because "[she] was scared." Further, Ms. Fleming's testimony at trial is consistent with the statement she gave to Detective Pitts on the day of the robbery. Any discrepancy in the evidence was for the jury to resolve. *See State v. Olson*, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992). Therefore, we conclude that the trial court properly denied Defendant's motion to dismiss.

Finally, Defendant contends the trial court erred in instructing the jury on the charge of robbery with a dangerous weapon. Defendant asserts there was insufficient evidence to support the instruction and that the instruction was misleading. Defendant acknowledges that because he failed to object to this

instruction at trial, our standard of review is limited to reviewing for plain error. Plain error only arises when the error is "so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]" *State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (citation and quotation marks omitted). We have reviewed the trial court's instructions in their entirety and find no plain error.

## Conclusion

In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom or whether Defendant's appeal is wholly frivolous. Because Defendant has raised only issues which are meritless, we conclude his appeal is wholly frivolous. Furthermore, we have examined the record for possible prejudicial error against Defendant and found none.

NO ERROR.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).